CODY *v.* SOUTHFIELD-LATHRUP SCHOOL DISTRICT

1. SCHOOLS AND SCHOOL DISTRICTS—GOVERNMENTAL IMMUNITY.
   School districts, because they are agencies of the state, are immune from tort liability when they are conducting a governmental, not a proprietary, function.

2. SCHOOLS AND SCHOOL DISTRICTS — GOVERNMENTAL FUNCTION — PHYSICAL EDUCATION CLASSES.
   Physical education classes in a public school constitute a governmental, not a proprietary function.

3. SCHOOLS AND SCHOOL DISTRICTS — NEGLIGENCE — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION — PHYSICAL EDUCATION CLASSES.
   The defendant school district enjoyed immunity from liability for injuries sustained by a plaintiff while she was performing gymnastics exercises on a "mini-trampoline" because physical education classes are a governmental, not a proprietary, function.

4. SCHOOLS AND SCHOOL DISTRICTS—NEGLIGENCE—PUBLIC BUILDING—DEFECTIVE CONDITIONS.
   A school district was not liable for the injuries of the plaintiff suffered while she was exercising on a "mini-trampoline" during her physical education class on the theory that the "mini-trampoline" was in a "dangerous or defective condition" within a public building where the plaintiff did not allege the "mini-trampoline" to be improperly manufactured, negligently erected or dangerously maintained and where the plaintiff's

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 47 Am Jur, Schools §§ 56, 57.
   Tort liability of public schools and institutions of higher learning. 86 ALR2d 489.
[5, 6] 47 Am Jur, Schools §§ 56, 57.
   Liability or indemnity insurance carried by governmental unit as affecting immunity from tort liability. 68 ALR2d 1437.

claim that the injuries resulted from a defective condition
was based solely on the fact that the "mini-trampoline" was
in the school building.

5. NEGLIGENCE—GOVERNMENTAL IMMUNITY—LIABILITY INSURANCE—
   WAIVER.
   The purchase of liability insurance by a state agency does not
   constitute a waiver of, nor preclude it from asserting its gov-
   ernmental immunity because the insurance might have been
   purchased to cover non-immune actions, such as motor vehicle
   accidents or injuries from defective buildings.

6. SCHOOLS AND SCHOOL DISTRICTS—NEGLIGENCE—LIABILITY INSUR-
   ANCE—GOVERNMENTAL IMMUNITY—WAIVER.
   The purchase of liability insurance by the defendant school dis-
   trict did not preclude it from asserting, nor did it constitute a
   waiver of, its defense of governmental immunity in the plain-
   tiff's action for injuries incurred while using a trampoline
   in her physical education class.

Appeal from Oakland, Arthur E. Moore, J.  Sub-
mitted Division 2 May 13, 1970, at Lansing.  (Docket
No. 8,282.)  Decided June 26, 1970.

Complaint by Michael J. Cody, for himself and as
next friend of Nancy Marie Cody, against South-
field-Lathrup School District and others for negli-
gence.  Summary judgment for defendants.  Plain-
tiffs appeal.  Affirmed.

*Shea, Shea, Heath & Solner,* for plaintiffs.

*Sauer & Girard,* for defendants.

Before: LESINSKI, C. J., and DANHOF and SNOW,*
JJ.

SNOW, J.  Plaintiff Nancy Marie Cody brought
suit against the defendants for injuries she received

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

while performing a gymnastics exercise on a "mini-trampoline" in her physical education class at defendant school district's Southfield-Lathrup High School. During her second use of the apparatus, she fell and broke both arms. Defendant Pronik, the supervising teacher, was allegedly negligent in compelling plaintiff to engage in this activity against her will; together with defendant Smythe, the principal, she is said to have failed to provide plaintiff with immediate medical attention. Plaintiff Michael Cody sought recovery for past and future medical expenses he would be obligated to pay as Nancy's father.

Defendant school district raised the affirmative defense of immunity pursuant to MCLA § 691.1401 *et seq.* (Stat Ann 1969 Rev § 3.996[101] *et seq.*) and the circuit court granted its motion for summary judgment, including in its order the finality necessary to give rise to our jurisdiction on appeal. GCR 1963, 518.2. Plaintiffs urge several grounds upon which the school district would not be entitled to immunity.

The school district claims essentially that it is immune from tort liability while engaged in a governmental function, relying on MCLA § 691.1407 (Stat Ann 1969 Rev § 3.996[107]):

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein said governmental agency is engaged in the exercise and discharge of a governmental function."

However, this section of PA 1964, No 170 was declared unconstitutional by our Court in *Maki* v. *City of East Tawas* (1969), 18 Mich App 109.[1] Therefore

_____

[1] Leave to appeal granted, 383 Mich 766.

we must revert to the common law in determining the liability of a school district.

The recent discussion of the doctrine of governmental immunity by the Michigan Supreme Court began with *Williams* v. *City of Detroit* (1961), 364 Mich 231.[2] In a five-to-three decision with three separate opinions, the Court eliminated prospectively the immunity of municipal corporations for their negligent acts. Four of the justices were willing to say, "From this date forward the judicial doctrine of governmental immunity from ordinary torts no longer exists in Michigan." 364 Mich at 250. Subsequently the Court retreated from that position. In *McDowell* v. *State Highway Commissioner* (1961), 365 Mich 268, the Court held that *Williams* had not abrogated the immunity of the state for its torts. More importantly for the case before us now, the Court held in *Sayers* v. *School District No. 1, Fractional* (1962), 366 Mich 217, that *Williams* did not apply to school districts either, since as agencies of the state, they were cloaked with the state's immunity. We have also held that school districts are state agencies for the purpose of tort liability. *Picard* v. *Greisinger* (1965), 2 Mich App 96; *Williams* v. *Primary School District #3, Green Township* (1966), 3 Mich App 468; *Meredith* v. *City of Melvindale* (1968), 11 Mich App 208.[3] Consequently, defendant school district's conclusion that while in pursuit of a governmental function, it is immune from liability for its negligent acts, was not unwarranted.

---

[2] Further refinements are found in *McDowell* v. *State Highway Commissioner* (1961), 365 Mich 268; *Sayers* v. *School District No. 1, Fractional* (1962), 366 Mich 217; *Lewis* v. *Genesee County* (1963), 370 Mich 110; *Myers* v. *Genesee County Auditor* (1965), 375 Mich 1; *Keenan* v. *County of Midland* (1966), 377 Mich 57.

[3] For similar statements, see *Daniels* v. *Board of Education of City of Grand Rapids* (1916), 191 Mich 339; *Stevens* v. *City of St. Clair Shores* (1962), 366 Mich 341; *Keenan* v. *County of Midland, supra,* 377 Mich at 61.

I. *Was Southfield-Lathrup School District pursuing a governmental function in conducting a physical education class?*

Plaintiffs maintain that the school district was exercising a "proprietary" function, not a governmental one, in conducting a physical education class. MCLA § 691.1413 (Stat Ann 1969 Rev § 3.996[113]) excepts the state from immunity when it is engaged in a proprietary function and defines that term as "any activity which is conducted primarily for the purpose of producing a pecuniary profit for the state, excluding, however, any activity normally supported by taxes or fees". The word "state" by the legislature's definition includes "the state of Michigan and its agencies". MCLA § 691.1401(c) (Stat Ann 1969 Rev § 3.996[101][c]).

Recreational activities of a school have generally been considered an exercise of their governmental function. *Williams* v. *Primary School District, supra,* and *Sayers, supra.* Bolstering such a conclusion is the legislative mandate of MCLA § 340.781 (Stat Ann 1968 Rev § 15.3781):

"There shall be established and provided in all public schools of this State  *  *  *  physical education for pupils of both sexes, and every pupil attending such schools  *  *  *  shall take the course in physical education."

See *Lewis* v. *Genesee County* (1963), 370 Mich 110 where a county, acting pursuant to a legislative directive, was found not liable for its negligent acts.

In addition, both our Court and the Supreme Court have liberally determined the scope of activities within the physical education program, and hence, within the governmental function of a school district. In *Richards* v. *Birmingham School District* (1957), 348 Mich 490, a football game, despite its profitable

nature, was held to be part of the school's physical education program, barring plaintiff's recovery for injuries received when bleachers collapsed. Very similar to the instant case is *Picard* v. *Greisinger, supra,* where the immunity doctrine barred plaintiff's recovery for an eye injury received when he was struck by a basketball during a physical education class.

II. *Was plaintiff's injury the result of a dangerous or defective condition of a public building?*

The state has consented to suits against itself or its political subdivisions, including school districts, for injuries resulting from dangerous or defective conditions in public buildings.[4] Plaintiffs have shown that the child's injury occurred within a building.[5] However, the trial court correctly concluded that plaintiffs did not claim any dangerous or defective condition of the building caused or contributed to the girl's injuries. Their action was based solely on the alleged negligence of the defendants. They assert the injuries were caused by the child's use of the "mini-trampoline", an object in the building, but in no way attached to it. We think the legislature's meaning was clear in the statute, particularly by the use of the words "repair and maintain" in conjunction with "dangerous or defective condition". We cannot construe this section to include such an injury, just by the fact it occurred *in* a building:

---

[4] MCLA § 691.1406 (Stat Ann 1969 Rev § 3.996[106]) consents to such liability for "governmental agencies." By the definitional provisions, MCLA § 691.1401(b) and (d) (Stat Ann 1969 Rev § 3.996[101] [b] and [d]), school districts are liable as governmental agencies for negligence under § 691.1406.

[5] Nancy Cody stated in her deposition that Southfield-Lathrup High School had no gymnasium as such. Physical education classes were conducted in a specially-out-fitted room.

"A statute is not open to construction as a matter of course, but only where the language used in the statute requires interpretation—where it is ambiguous or where two or more constructions can be placed upon it, where it is of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning. 'A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity.' 50 Am Jur, Statutes, § 225, p 207." *City of Lansing* v. *Township of Lansing* (1959), 356 Mich 641, 649.

Our previous cases determining the scope of MCLA § 691.1406 provide us with additional guidance. In *Smith* v. *Clintondale School District* (1968), 14 Mich App 153, a broken lock on a commode door was considered defective maintenance of a public building. In *Jackson* v. *City of Detroit Board of Education* (1969), 18 Mich App 73, a defective door-closing mechanism was found to be within the statutory exception. A "mini-trampoline", which plaintiffs have never alleged to be improperly manufactured, negligently erected, or dangerously maintained, is not within the exception.

III. *Does the school district's purchase of liability insurance preclude its asserting the defense of governmental immunity?*

In rendering the opinion of the Supreme Court in *Christie* v. *Board of Regents of the University of Michigan* (1961), 364 Mich 202, Justice BLACK found the purchase of liability insurance by a state agency inconsistent with immunity and thought the insured state agency should be liable up to the amount of its insurance coverage. However, seven concurring justices specifically declined to adopt this view. In

*Sayers, supra,* the Court again discussed the issue and expressed disapproval of the holding plaintiffs ask us to adopt here. Subsequently, we said in *Branum* v. *Board of Regents of University of Michigan* (1966), 5 Mich App 134, that we could not construct a waiver of immunity where the Supreme Court had so forcefully rejected it. We reiterate that view in this case.

Plaintiffs' argument that if such a purchase does not amount to a waiver, then governmental agencies are wasting a great deal of money protecting against risks which do not exist, is logical on its face; however, it overlooks the fact that school districts must protect themselves in those areas where the legislature had eliminated their immunity—injuries resulting from motor vehicle accidents and from defective buildings.

For the reasons stated above, we find no error in the trial court's determination that plaintiffs have failed to state a cause of action against defendant school district.

Affirmed. No costs, a public question being involved.

All concurred.