ORLOWSKI *v.* JACKSON STATE PRISON

1. AUTOMOBILES—NEGLIGENCE—GOVERNMENTAL LIABILITY.

Negligent operation of a government-owned motor vehicle may occur even though the vehicle is standing still, as long as the vehicle is being used or employed in some specific function or to produce some desired work or effect.

2. AUTOMOBILES—NEGLIGENCE—GOVERNMENTAL LIABILITY.

The faulty latching of the tailgate of a prison truck by a prison officer could constitute negligent operation of the vehicle by a governmental employee where, at the time and place of plaintiff's fall from the truck, the vehicle was being used to transport plaintiff, normally a cook, and other inmates to help curtail a fire that had broken out on the prison grounds, because, at the time of the failure to lock the tailgate, the truck was being used in some specific function or to produce some desired work or effect (MCLA §§ 257.401, 691.1405).

--------

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  8 Am Jur 2d, Automobiles and Highway Traffic § 602.

Appeal from Court of Claims, Leo W. Corkin, J. Submitted Division 2 June 15, 1971, at Detroit. (Docket No. 11094.)   Decided September 27, 1971.

Complaint by Arthur Orlowski against Jackson State Prison and the State of Michigan for personal injuries arising from negligent operation of a motor vehicle.   Accelerated judgment for defendants. Plaintiff appeals.   Reversed and remanded for trial.

*Lopatin, Miller & Bindes* (*Michael H. Feiler,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Everett R. Trebilcock,* Special Assistant Attorney General, for defendants.

Before:   T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

HOLBROOK, J.   Plaintiff appeals from an order in the Michigan Court of Claims, granting defendants' motion for accelerated judgment.

On August 9, 1969, Arthur Orlowski was an inmate at Jackson State Prison.   On that day he was taken from his regular job as a cook and recruited to help detain a fire that had broken out on the prison grounds.   He was placed in a prison truck with other inmates and was being transported to the immediate area of the fire, when the accident occurred.

Plaintiff alleges that as a consequence of the negligent operation of the motor vehicle, *i.e.,* the negligent latching of the tailgate on the truck by Officer Williams, an employee of the prison, the tailgate

opened while the truck was moving which caused plaintiff to fall to the ground, sustaining serious bodily injuries.  Further, plaintiff alleges that after the fall and while lying on the ground, the truck driver, having knowledge of the incident, continued to drive along and failed to stop or render assistance.

The issue on appeal is whether the operation of the truck in question by defendants' agent for the purpose of transporting prisoners to contain a fire on the prison grounds at a time when the latch securing the tailgate was not properly fastened, causing one of the prisoners to fall from the truck and be injured, constitutes negligent operation of a motor vehicle within PA 1949, No 300?

In its opinion the lower court quoted MCLA § 691-.1405 (Stat Ann 1969 Rev § 3.996[105]) as follows:

"Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948."

The court then concluded that even assuming that there was negligence by the defendants in the operation of a motor vehicle, it is not the type of negligence defined by PA 1949, No 300, MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101) which states in part:

"Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant.  The owner

of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires."

Defendants argue the alleged act of negligence, the family latching of the tailgate on the truck, was not an act involving "negligent operation" of the vehicle because operation in this context means a physical working or manipulation of the mechanism of the vehicle.

Both parties admit there are no Michigan cases covering the precise question.

In other jurisdictions it has been almost universally held that "negligent operation" may occur even though the vehicle is standing still as long as it is being used or employed in some specific function or to produce some desired work or effect. *Diggins* v. *Theroux* (1943), 314 Mass 735 (51 NE2d 425).

In *Chilcote* v. *San Bernardino County* (1933), 218 Cal 444, 445 (23 P2d 748, 749), the court said, with reference to the meaning of "operation":

"To be in operation, the vehicle must be in a 'state of being at work' or 'in the active exercise of some specific function' by performing work or producing effects at the time and place the injury is inflicted."

At the time and place of the accident the truck was being put to a definite task and was carrying out a desired objective. It is undisputed that the truck was being used for the purpose of transporting the inmates to have them help curtail the fire.

The back of the truck was equipped with a tailgate which could have been properly fastened in

order to protect the men from falling out or being thrown from the truck while it was in operation.

Plaintiff claims that the operator of the truck had either failed to close the tailgate properly, or failed to determine if it was properly closed. Such failure could be considered by the jury in determining the presence of negligence in the operation of a motor vehicle. *Moore* v. *City of Detroit* (1969), 19 Mich App 636.

Reversed and remanded for a trial on the merits. Costs to appellant.

All concurred.