McNEES v SCHOLLEY

1. SCHOOLS AND SCHOOL DISTRICTS—AUTOMOBILES—NEGLIGENCE—GOV-
   ERNMENTAL LIABILITY—STATUTE.

   A school district was not liable under a statute providing for
   governmental liability for its negligent use of a motor vehicle
   where a child's injuries were received when struck by an
   automobile owned by a third party while the child was waiting
   at a school bus stop when the school bus was not physically
   present at the time of the accident, because the school bus was
   not in a state of being at work at the time and place the injury
   was inflicted on the child (MCLA 691.1405).

2. SCHOOLS AND SCHOOL DISTRICTS—SOVEREIGN IMMUNITY—TORT LIA-
   BILITY.

   The State and its agencies are endowed with absolute sovereign
   immunity from tort liability when engaged in a governmental
   function except to the extent that such immunity has been
   abrogated by legislation, and a school district is an agency of
   the state clothed with sovereign immunity from tort liability
   when engaged in a governmental function.

3. SCHOOLS AND SCHOOL DISTRICTS—SOVEREIGN IMMUNITY—TORT LIA-
   BILITY—BUS ROUTES—ESSENTIAL FUNCTION.

   A school district was clothed with sovereign immunity and not
   liable for a child's injuries received when he was struck by an
   automobile while waiting at a school bus stop for a bus which
   was not present at the time of the accident, because laying out
   routes for school buses to travel and designating school bus
   stops to pick up students on the way to school and to discharge
   students on the way home from school is an essential exercise
   of the governmental function of education in providing trans-
   portation for such students to attend school.

4. CONSTITUTIONAL LAW—GOVERNMENTAL IMMUNITY.

   The Court of Appeals declines to hold governmental immunity

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 68 Am Jur 2d, Schools §§ 319–325.
[4] 68 Am Jur 2d, Schools § 9.

unconstitutional because of the many cases in Michigan upholding the principle of governmental immunity.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 April 3, 1973, at Grand Rapids. (Docket No. 14613.) Decided April 26, 1973.

Complaint by Stanley McNees, for himself and as guardian ad litem of Michael McNees, a minor, and by Carolyn McNees, against James Scholley, Louis F. Scholley, and the Bloomingdale Public School District for damages for injuries received in a pedestrian-automobile accident. Consent judgment for plaintiffs as to James Scholley and Louis F. Scholley. Summary judgment for defendant school district. Plaintiffs appeal. Affirmed.

*Oosterbaan & York,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant Bloomingdale Public School District.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

HOLBROOK, P. J. Plaintiffs appeal from the grant of summary judgment in favor of defendant Bloomingdale Public School District. The other defendants, James Scholley and Louis F. Scholley, entered into a settlement with plaintiffs and consent judgments were entered in favor of plaintiffs and were duly satisfied.

On October 23, 1969, in the early morning plaintiff Michael McNees, a boy of nine years of age, with his older sister Linda and brother Steven left their home situated on the south side of a county

---

* Circuit judge, sitting on the Court of Appeals by assignment.

road and went to the north side of the road to the area designated as the school bus stop of the defendant Bloomingdale Public School District to await the arrival of the school bus. The weather was cool and Linda recrossed the highway on her way to her home to obtain a sweater. For some unknown reason Michael also recrossed the road and stood near the mailbox on the south side of the highway. Steven remained on the north side of the road at the designated place for the school bus to stop.

Defendant James Scholley at the time was driving his automobile in an easterly direction on this county road, and another automobile was approaching the scene from the opposite direction. At the same time or just after meeting and passing the other vehicle Scholley's automobile came in contact with Michael McNees who was seriously injured. Plaintiffs including Michael McNees by his guardian ad litem brought this action to recover damages.

The defendant school district made a motion for summary judgment claiming:

(1) that there is no genuine issue as to any material fact as to the liability of this defendant;

(2) that defendant is immune from suit as a matter of law;

(3) that plaintiffs have failed to state a cause of action against defendant.

The trial court granted the motion for summary judgment apparently on the ground that plaintiffs failed to state a claim upon which relief could be granted.

The plaintiffs assert two issues on appeal which we consider in proper order.

I

Viewed in a light most favorable to plaintiffs

can it be said that the facts indicate Michael McNees' injuries were the result of the defendant school district's negligent operation of its school bus?

Plaintiffs claim that defendant school district was negligent in the operation of its school bus by designating an unsafe place as a school bus stop and by having its bus driver make daily stops there. Plaintiffs alleged in their complaint that the road was so narrow at the location of this bus stop that it was not possible for vehicles to meet and pass each other with safety; further that a school bus stopping at this location to pick up or discharge passengers could not be clearly seen by approaching or overtaking vehicles for a distance of 500 feet as required by statute MCLA 257.682(c); MSA 9.2382(c).

Plaintiffs claim that defendant school district is liable for such negligence by reason of the provisions of MCLA 691.1405; MSA 3.996(105), which reads as follows:

"Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948." 1964 PA 170, § 5, Eff. July 1, 1965.

It is the plaintiffs' claim that the negligent designation of the subject's school bus stop constituted negligent operation of a motor vehicle under the statute. The defendant school district denies that the designation of a bus stop constitutes the operation of a motor vehicle and points out, and

properly so, that the school bus was not physically present at the scene of the accident when it occurred.

There is no legal precedent in Michigan case law directly on point. Several cases have been cited by plaintiffs and defendant school district claiming authority for their respective positions.

The case that seems to be the closest to the instant case on the facts is *Earl W Baker & Co v Lagaly,* 144 F2d 349 (CA 10, 1944). In *Baker* the bus driver stopped the bus and allowed a child to get out. As the child crossed the road he was hit by another vehicle. The Court held that discharging passengers was part of the operation of the bus. There is, however, a serious distinction between *Baker* and the case at bar. In *Baker* the bus was physically present at the scene of the accident. In the instant case the bus was not present and did not arrive until some time later.

In determining what constitutes operation of a motor vehicle within the meaning of the statute MCLA 691.1405; MSA 3.996(105) this Court in the case of *Orlowski v Jackson State Prison,* 36 Mich App 113, 116 (1971), quoted from a California case as follows:

"In *Chilcote v San Bernardino County,* 218 Cal 444, 445; 23 P2d 748, 749 (1933), the court said, with reference to the meaning of 'operation':

" 'To be in operation, the vehicle must be in a " ' "state of being at work" ' " or " ' "in the active exercise of some specific function" ' " by performing work or producing effects *at the time and place the injury is inflicted.' "* (Emphasis supplied.)

We are constrained to rule that under the facts in the instant case the school bus not being in a *"state of being at work * * * at the time and place the injury is [was] inflicted",* the plaintiffs do not

have a cause of action under the terms of the subject statute.

The plaintiffs further assert that by reason of the decision in *Maki v East Tawas,* 385 Mich 151 (1971), declaring invalid the governmental immunity statute 1964 PA 170, § 7 (Eff. July 1, 1965); MCLA 691.1407; MSA 3.996(107),[1] the defendant school district does not have governmental immunity in the instant case. We do not agree. It is true that this section of the statute has been declared invalid. However, the law in effect absent this statute grants governmental immunity to defendant school district under the facts in this case.

The cases of *Sayers v School Dist No 1,* 366 Mich 217 (1962), and *Williams v Primary School Dist No 3,* 3 Mich App 468 (1966) (concerning a May 14, 1966, accident), are authority for the rules of law that (1) the state and its agencies are endowed with absolute sovereign immunity from tort liability when engaged in a governmental function, except to the extent that such immunity has been abrogated by legislation, and (2) a school district is an agency of the state clothed with sovereign immunity from tort liability when engaged in a governmental function.

We conclude that laying out routes for school buses to travel and designating school bus stops to pick up students on the way to school and to discharge students on the way home from school is an essential exercise of the governmental function of education in providing transportation for such students to attend school. Having so concluded we

---

[1] "Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein said governmental agency is engaged in the exercise and discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is hereby affirmed."

rule that the defendant school district was clothed with sovereign immunity and not liable to plaintiffs under the facts in this case.

## II

Are school districts in Michigan no longer immune from liability resulting from their tortious acts because governmental immunity is unconstitutional?

This issue was not presented to the trial court for determination. The plaintiffs argue that the doctrine of sovereign immunity is a denial of due process of law and cites as authority *Reich v State Highway Dept,* 386 Mich 617 (1972), wherein the Supreme Court held that a statutory requirement as a condition to any recovery for injuries sustained by reason of any defective highway the injured person, within 60 days from the time of injury shall serve a notice on the governmental agency listing certain facts, was unconstitutional because it only applied to actions against the state. In *Reich* the Court made reference in a footnote on page 624 to *Krause v Ohio,* 28 Ohio App 2d 1; 274 NE2d 321 (1971), wherein the doctrine of sovereign immunity was held unconstitutional. *Krause* was subsequently overruled by the Ohio Supreme Court in *Krause v Ohio,* 31 Ohio St 2d 132; 285 NE2d 736 (1972).

In *Reich* governmental immunity was not at issue but merely a statutory provision requiring that after an accident a 60-day notice be given the state before a suit could be brought.

The footnote reference to *Krause in Reich* may be the forerunner of rulings to come; however, because of the many cases in our jurisdiction upholding the principle of governmental immu-

nity, we decline to hold governmental immunity unconstitutional. Should our Supreme Court consider the time appropriate for such action this case would appear to be a good vehicle for that purpose.

Affirmed.

All concurred.