## ANDERSON v CITY OF DETROIT

1. CONSTITUTIONAL LAW—STATUTES—CLASSIFICATION—EQUAL PROTECTION.

   The "rational basis" test of statutory classification applies when a law allegedly infringing equal protection creates no fundamental rights, and if a reasonable relation exists between the classification and some legitimate state interest, no denial of equal protection results.

2. CONSTITUTIONAL LAW—GOVERNMENTAL IMMUNITY—STATUTES— EQUAL PROTECTION—GOVERNMENTAL TORTFEASORS.

   Withholding a legal remedy from persons injured by the state, while granting one to persons injured by nongovernmental tortfeasors, does not offend the equal protection clause.

3. STATUTES—GOVERNMENTAL IMMUNITY—CLASSIFICATION—FUNDAMENTAL INTEREST—RATIONAL BASIS—BURDEN OF PROOF.

   The governmental immunity statute, in the absence of a suspect classification or the involvement of a fundamental interest, needs only a rational basis to be sustained and the litigant attacking the statute must carry the burden of showing it does not rest upon a rational basis (MCLA 691.1407).

4. STATUTES—GOVERNMENTAL IMMUNITY—CLASSIFICATION—FUNDAMENTAL INTEREST—RATIONAL BASIS—ARMED POLICEMEN.

   Armed police officers are not inherently a menace to society, their presence is not to harm but to protect, and their mere presence on the streets exposes no one to risk of serious bodily injury or death; therefore, there is a rational basis upon which the governmental immunity statute may apply to them (MCLA 691.1407).

5. CONSTITUTIONAL LAW—DUE PROCESS—ACCESS TO COURTS—LEGISLATURE—ABROGATION OF RIGHTS.

   Substantive due process, state or Federal, does not offer a total

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 16 Am Jur 2d, Constitutional Law § 494 et seq.

[2] 16 Am Jur 2d, Constitutional Law §§ 468, 469.

[5] 16 Am Jur 2d, Constitutional Law §§ 550–553.

right of access to the courts for civil litigants, and the right to sue for a future tortious injury is not property and may be abrogated by the Legislature (MCLA 691.1407).

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 June 12, 1974, at Detroit. (Docket No. 18558.) Decided July 25, 1974. Leave to appeal applied for.

Complaint by Robert Anderson, for himself and as administrator of the estate of Robert Anderson, Jr., deceased, and by Aretter Anderson against the City of Detroit and William Roach and John Rein of the Detroit Police Department for wrongful death. Summary judgment for the City of Detroit. Plaintiffs appeal. Affirmed.

*Harry D. Hirsch, Jr.,* for plaintiffs.

*Robert Reese,* Acting Corporation Counsel, and *Thomas H. Gallagher, William P. Doran,* and *Peter A. Letzmann,* Assistants Corporation Counsel, for defendants.

Before: J. H. GILLIS, P. J., and ALLEN and EL-LIOTT,* JJ.

ALLEN, J. This is an action for wrongful death. Plaintiffs' complaint alleges that on the afternoon of June 25, 1971, defendant police officers, while in the course of duty, without provocation, intentionally shot deceased. Damages of $1,500,000 are sought. Defendant City of Detroit appeared, and moved for summary judgment on the grounds of sovereign immunity provided in MCLA 691.1407; MSA 3.996(107). The motion was granted and the City of Detroit dismissed as a defendant, with proceedings against the remaining defendants stayed pending appeal. Plaintiffs appeal.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs concede that the doctrine of governmental immunity as set forth in the Michigan sovereign immunity statute, MCLA 691.1407; MSA 3.996(107), is well established but alleges the statute is unconstitutional. Plaintiffs contend the statute is a denial of the equal protection of the laws, both under the state and Federal constitutions, because it allows suits for wrongful death resulting from the negligent operation of city vehicles or the maintenance of city buildings, yet denies the right to sue for negligent homicide committed by police officers. Plaintiffs aver this is an arbitrary distinction serving no legitimate governmental purpose.

Similar constitutional challenges to MCLA 691.1407; MSA 3.996(107) were made in *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7; 211 NW2d 228 (1973); and *McCann v Michigan,* 47 Mich App 326, 332; 209 NW2d 456 (1973). In each case the statute was assailed as a denial of the equal protection of the laws because it permitted suits against private tort-feasors but prohibited suits for similar torts against state and local units of government. The Court sustained the constitutionality of the statute, stating that:

"The 'rational basis' test applies when the law allegedly infringing equal protections creates no fundamental rights. The right claimed by plaintiff clearly falls within that class. If a reasonable relation exists between the classification and some legitimate state interest, no denial of equal protection results. *Wilkins v Ann Arbor City Clerk,* 385 Mich 670; 189 NW2d 423 (1971), citing *Naudzius v Lahr,* 253 Mich 216; 234 NW 581; 74 ALR 1189 (1931). Withholding legal remedy from persons injured by the state, while granting one to persons injured by nongovernmental tort-feasors does not offend the equal protection clause." *Kriger v South Oakland County Mutual Aid Pact, supra,* p 11.

In the absence of a suspect classification or the involvement of a fundamental interest—neither of which are involved in the instant case[1]—the statute needs only a rational basis to be sustained and the litigant attacking the statute must carry the burden of showing it does not rest upon a rational basis. *Freissler v State Highway Commission,* 53 Mich App 530; 220 NW2d 141 (1974).

The central issue in the instant case is whether there is a rational basis upon which the statute permits compensation for some persons offended by governmental action. We find that there is. Motor vehicles are inherently dangerous instrumentalities, whether driven by private persons or government employees. Public roads and buildings must be used by the public. In each case, failure to make a governmental agency responsible would expose the public to unreasonable risks. On the other hand, armed police officers are not inherently a menace to society. Their presence is not to harm but to protect. Unlike automobiles, their mere presence on the streets exposes no one to risk of serious bodily injury or death.[2]

Plaintiffs further contend the immunity statute

---

[1] Suspect classifications are those based upon race, alienage, national origin and sex. *See Frontiero v Richardson,* 411 US 677, 682; 93 S Ct 1764, 1768; 36 L Ed 2d 583, 589 (1973), and cases cited therein. Fundamental interests include the right to vote and travel, *Wilkins v Ann Arbor City Clerk,* 385 Mich 670, 680; 189 NW2d 423, 427 (1971), and cases cited therein; privacy, *Roe v Wade,* 410 US 113, 152–153; 93 S Ct 705, 726; 35 L Ed 2d 147, 176–177 (1973); due process in criminal matters, *Griffin v Illinois,* 351 US 12, 16–18; 76 S Ct 585, 589–590; 100 L Ed 891, 897–898 (1956); and specific guarantees in the Bill of Rights. *E.g., Wisconsin v Yoder,* 406 US 205, 214–215; 92 S Ct 1526, 1532–1533; 32 L Ed 2d 15, 24–25 (1972) (freedom of religion).

[2] *See* Cooperrider, Luke K., *The Court, the Legislature, and Governmental Tort Liability in Michigan,* 72 Mich L Rev 187, 283–284 (1973): "That principle argues most strongly for liability in situations where harm is caused by the affirmative actions of government officers and employees. Such liability *exists* where the act in question is the operation of a government vehicle, a 'direct trespass,' part of a proprietary enterprise, or when it creates a dangerous and injurious

is unconstitutional because it allows the taking of property without just compensation and is a violation of substantive due process of law. Substantive due process, state or Federal, has never been held to offer a total right of access to the courts for civil litigants. *United States v Kras,* 409 US 434; 93 S Ct 631; 34 L Ed 2d 626 (1973). Further, the right to sue for a future tortious injury is not property and may be abrogated by the Legislature. *Naudzius v Lahr,* 253 Mich 216, 221; 234 NW 581 (1931). *Miller v Huizinga,* 23 Mich App 363, 367; 178 NW2d 542 (1970).

Affirmed. No costs, a public question being involved.

All concurred.

---

condition in a public way or building. On the other hand, the governmental-function defense negates liability for harms caused by law enforcement and by protective actions of employees such as policemen, firemen, inspectors, and custodial employees, who are by law compelled to act directly upon persons and property, overcoming resistance if necessary. Mistakes are an inevitable consequence of such activity, and it may be that resultant losses should, to some extent, be absorbed by the community, but the problems of separating instances where compensation would be appropriate from those in which it would not is complex, and it is difficult to see how, with any fidelity to language, it could be held that these employments are anything but governmental. I would suppose, therefore, that if there is to be liability in this area it should come through legislation, wherein the criteria and the limits can be specified, and the basic policy questions resolved in the appropriate forum."