LOCKABY v WAYNE COUNTY

OPINION OF THE COURT

1. COUNTIES—PRISONERS—GOVERNMENTAL IMMUNITY—EXCEPTIONS—
DANGEROUS CONDITION OF BUILDING—STATUTES.

Failure of a county to provide adequate psychiatric care, medical care, and supervision for a prisoner in the county jail does not result in a "dangerous condition" within the meaning of the statute which creates an exception to the doctrine of governmental immunity in the case of a dangerous or defective condition of a public building; the thrust of the statutory exception is to provide redress for injuries sustained because of a structural fault or because of a failure to properly maintain a public building (MCLA 691.1406).

2. COUNTIES—PRISONERS—GOVERNMENTAL IMMUNITY—EXCEPTIONS—
DANGEROUS CONDITION OF BUILDING—STATUTES.

Failure to provide a prisoner in a county jail with a padded cell, where the prisoner was evaluated as having a "mental" problem and placed in a ward designated for such individuals, does not bring an action by a prisoner for injuries suffered in his cell within the dangerous or defective public building exception to governmental immunity because that exception deals with the physical structure of the building and cell padding is not a part of the building (MCLA 691.1406).

3. COUNTIES—GOVERNMENTAL IMMUNITY—EXCEPTIONS—STATUTES—
USE OF MOTOR VEHICLE.

A county is not liable, under the statute which provides for governmental liability for injuries resulting from the use of a motor vehicle, for injuries to a prisoner incurred in the course of his being placed in an ambulance for transportation from the county jail to a hospital for medical treatment where the ambulance was not in a state of being at work at the time and place the injury was inflicted (MCLA 691.1405).

REFERENCES FOR POINTS IN HEADNOTES

[1–5, 7] 60 Am Jur 2d, Penal and Correctional Institutions §§ 17, 19, 22–24.

[6] 46 Am Jur 2d, Judgments §§ 675, 676.

4. MUNICIPAL CORPORATIONS—HOSPITALS—GOVERNMENTAL FUNCTION
   —GOVERNMENTAL IMMUNITY.

   A municipally-owned hospital is engaged in a governmental
   function, not a proprietary function, and thus is clothed with
   governmental immunity, even though it charges fees for the
   services it renders.

5. STATUTES—GOVERNMENTAL IMMUNITY—CONSTITUTIONAL LAW.

   The statute which establishes governmental immunity from civil
   liability is constitutional (MCLA 691.1407).

PARTIAL DISSENT BY N. J. KAUFMAN, J.

6. JUDGMENT—ACCELERATED JUDGMENT—QUESTION OF FACT—COURT
   RULES.

   *The grant of an accelerated judgment is not proper where the
   pleadings present a disputed question of fact (GCR 1963, 116.3).*

7. COUNTIES—GOVERNMENTAL IMMUNITY—DANGEROUS CONDITION OF
   BUILDING—STATUTES—QUESTION OF FACT.

   *A question of fact as to whether a dangerous condition existed
   within the meaning of the statutory exception to governmental
   immunity in the case of a defective or dangerous condition of a
   public building was presented where a plaintiff, a prisoner in
   the county jail, alleged that the jail officials were aware of the
   plaintiff's mental instability, took affirmative steps to segregate
   such potentially unstable inmates, but took no steps to provide
   the minimum physical protections required for such prisoners
   (MCLA 691.1406).*

Appeal from Wayne, George E. Bowles, J. Sub-
mitted February 11, 1975, at Detroit. (Docket No.
20075.) Decided August 12, 1975. Leave to appeal
applied for.

Complaint by James H. Lockaby against Wayne
County, the Wayne County Board of Commission-
ers, William Lucas, Sheriff of Wayne County,
Frank Wilkerson, Administrator of the Wayne
County Jail, the City of Detroit, and the Detroit
General Hospital, for damages for injuries suffered
while in the custody of the Wayne County Sheriff's
Department. Summary judgments for defendants.
Plaintiff appeals. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Aloysius J. Suchy,* Corporation Counsel, and *David J. Curran,* Assistant Corporation Counsel, for Wayne County, Wayne County Sheriff and Administrator of Wayne County Jail.

*Kitch, Suhrheinrich & Getto, P. C.* (by *Michael L. Freeman),* for the City of Detroit and Detroit General Hospital.

Before: DANHOF, P. J., and QUINN and N. J. KAUFMAN, JJ.

DANHOF, P. J. Plaintiff brought a suit to recover for injuries purportedly suffered while in the custody of the Wayne County Sheriff's Department and during transportation to and treatment at Detroit General Hospital. The trial court granted a motion for summary judgment in favor of defendants County of Wayne, Wayne County Board of Commissioners, William Lucas and Frank Wilkerson on April 5, 1974. A motion for summary and/or accelerated judgment was granted in favor of the City of Detroit, and Detroit General Hospital on April 9, 1974. These motions were predicated upon the affirmative defense of governmental immunity.[1] Plaintiff appeals raising four issues; we affirm.

On June 29, 1971 plaintiff was picked up by the police while hitchhiking on an interstate expressway. He was arraigned and taken to the Wayne

---

[1] The written opinion filed in conjunction with these judgments indicates that they were based primarily upon the affirmative defense of governmental immunity; and therefore, the motions should have been brought under the accelerated judgment provisions of GCR 1963, 116. *See Cibor v Oakwood Hospital,* 14 Mich App 1, 3; 165 NW2d 326 (1968) fn 1, *Lovitt v Concord School District* (order of 3–10–75).

County Jail. Jail records indicate that he was evaluated as having a "mental" problem. He was placed in Ward 612, an area designated for individuals with such problems. No provisions for psychiatric care or any type of specialized treatment other than segregated confinement is made for persons in that ward. Plaintiff injured himself while confined in this ward. The cause of his injuries is controverted; it is alleged both that plaintiff deliberately ran into a shower room wall, and that he was beaten by jail guards. He was taken by sheriff's deputies to Detroit General Hospital where he received treatment. Plaintiff claims that he was again injured during the ambulance ride and that the treatment he received at the hospital was inadequate. As a result of these various acts, plaintiff maintains that he was rendered a quadriplegic, and will remain totally paralyzed from the neck down.

On appeal, plaintiff argues that his complaint stated a cause of action coming within the public buildings exception of the statutory provisions establishing governmental immunity, MCLA 691.1406; MSA 3.996(106), and that as a result, the trial court committed reversible error in granting the summary judgments. According to this argument, the Legislature intended to convey differing meanings by the use of the terms "dangerous" and "defective" in the pertinent parts of the statute.

Plaintiff relies on *Green v Department of Corrections,* 386 Mich 459; 192 NW2d 491 (1971), for the proposition that a correctional facility is a "public building" within the meaning of the statute. Recognizing that in *Green* it was necessary for the plaintiff to show that the machine by which he was injured was a physical part of the building so as to be a "defective condition of a public build-

ing", plaintiff here theorizes that this connection need not be shown in the present case because he is here alleging a "dangerous" not a "defective" condition. To support this contention, plaintiff cites *Samson v Saginaw Professional Building, Inc,* 44 Mich App 658; 205 NW2d 833 (1973), *aff'd* 393 Mich 393; 224 NW2d 843 (1975), and *Johnston v Harris,* 387 Mich 569; 198 NW2d 409 (1972). Neither of these cases involved this statute or any aspect of the doctrine of governmental immunity, and they have no application to the present case.

Plaintiff argues that the failure to provide adequate psychiatric and medical care, the failure to provide adequate supervision, and the failure to provide padded cells resulted in a "dangerous condition" within the meaning of the statute. These deficiencies, with the possible exception of the last, have to do with providing human services, and not with the physical structure of the building. The statutory exception dealing in express terms with public buildings cannot be invoked under these circumstances.

The entire thrust of the statutory exception is to provide redress for injuries sustained due to a structural fault or to the failure to properly maintain a public building. Any laxity in the present case is in the failure to provide additional restraining equipment, and to diagnose the plaintiff's condition as potentially hazardous. As to the failure to provide a padded cell, cell padding has not been shown to be more a part of the building than the "mini-trampoline" which was held in *Cody v Southfield-Lathrup School District,* 25 Mich App 33, 38–39; 181 NW2d 81 (1970), not to come within this exception. Thus, the trial court correctly concluded that the plaintiff's claim did not come within the dangerous or defective public building

exception, and he could not avoid summary dismissal on that basis.

The next issue raised by the plaintiff involves the assertion that the trial court erred in ruling that the motor vehicle exception to the governmental immunity provision did not apply in this case. Plaintiff contends that he suffered further injury as a result of the ambulance ride from the jail to the hospital and that he may maintain an action under the terms of MCLA 691.1405; MSA 3.996(105).

Although plaintiff was allowed to file an amended complaint, he merely reasserted a general allegation of negligence. He "did not set forth facts sufficient to reasonably apprise the defendant of the nature of the cause he was called upon to defend". *McLaughlin v Consumers Power Co,* 52 Mich App 663, 668; 218 NW2d 122 (1974), GCR 1963, 111.1.

The only specific statement of fact related to plaintiff's allegation that he was injured by a motor vehicle, consists of his assertion that he was placed in the ambulance "carelessly and with excessive force". Under the test set forth in the case of *Orlowski v Jackson State Prison,* 36 Mich App 113, 116; 193 NW2d 206 (1971), the ambulance was not in operation within the meaning of the statute because the ambulance was not in a "state of being at work * * * at the time and place the injury is inflicted". See also *McNees v Scholley,* 46 Mich App 702, 706; 208 NW2d 643 (1973).

Plaintiff maintains that his cause of action against defendant Detroit General Hospital is not barred by the doctrine of governmental immunity because the hospital is engaged in a proprietary function in that charges are made for the services it renders. This argument was considered and

rejected in *Snow v Freeman,* 55 Mich App 84; 222 NW2d 43 (1974), wherein it was held that a municipally owned hospital was engaged in a governmental function despite the fact that medical services were provided for a fee.

Lastly, while conceding that the question has been decided by this Court, plaintiff contends that the statute establishing governmental immunity, MCLA 691.1407; MSA 3.996(107) is unconstitutional. This issue is presently pending before our Supreme Court, and, in the absence of higher authority to the contrary, we will follow established precedent in upholding the constitutionality of the statute. *Anderson v Detroit,* 54 Mich App 496; 221 NW2d 168 (1974), *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7; 211 NW2d 228 (1973), *Snow v Freeman, supra.*

Affirmed.

QUINN, J., concurred.

N. J. KAUFMAN, J. *(dissenting in part, concurring in part).* The trial court granted defendant an accelerated judgment based on the provisions of GCR 1963, 116.1(2), that "the court lack[ed] jurisdiction of the subject matter". The procedure for determining a motion based on this rule is provided in GCR 1963, 116.3 which states in relevant part:

"As to defenses and objections based upon * * * (2), * * * in sub-rule 116.1, the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment upon the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits."

According to the Advisory Committee notes to
Rule 116.3, the section "gives the court discretion
to determine any disputed issues of fact by means
of a trial at the hearing stage. If a right to jury is
involved and demanded, the court must postpone
the hearing until the trial." 1 Honigman & Haw-
kins, Michigan Court Rules Annotated (2d ed), p
324.[1] Plaintiff made a timely motion for jury trial.

I find that plaintiff's pleadings presented a dis-
puted question of fact for jury determination, *viz.*
whether plaintiff's injuries arose from the danger-
ous condition of defendant's (Wayne County's)
building. The statute under which plaintiff as-
serted an exemption from defendant's claim of
governmental immunity, MCLA 691.1406; MSA
3.996(106) provides:

"Governmental agencies have the obligation to repair
and maintain public buildings under their control when
open for use by members of the public. Governmental
agencies are liable for bodily injury and property dam-
age resulting from a *dangerous or* defective *condition* of
a public building if the governmental agency had actual
or constructive knowledge of the defect and, for a
reasonable time after acquiring knowledge, failed to
remedy the condition or to take action reasonably nec-
essary to protect the public against the condition."
(Emphasis supplied.)

The pleadings showed that the jail officials were
aware of plaintiff's mental instability. They show
that the jailers placed plaintiff in an area reserved
for individuals with such propensities and that the
jail officials took affirmative steps to recognize and
segregate such potentially unstable inmates. Plain-

[1] While the committee notes do not bind this Court they are,
nonetheless, relevant and persuasive authority in interpreting the
General Court Rules. *Buscaino v Rhodes,* 385 Mich 474, 481; 189
NW2d 202 (1971).

tiff also alleged that, having recognized the dangers and segregated the unstable prisoners, the jail officials took no steps to provide the minimum physical protections required by such prisoners. From these allegations, I find a clear question of fact whether a "dangerous condition" existed.

I cannot agree with the majority's statement that "as to the failure to provide a padded cell, cell padding has not been shown to be more of a part of the building than the 'mini-trampoline' which was held in *Cody v Southfield-Lathrup School District,* 25 Mich App 33, 38–39; 181 NW2d 81 (1970), not to come within this exception". First, the plaintiff in *Cody* did not, as did plaintiff here, allege any facts to show that defendants had allowed a "dangerous condition", within the meaning of the statute, to exist. As the *Cody* court noted:

> "Their action was based solely on the alleged negligence of the defendants. They assert the injuries were caused by the child's use of the 'mini-trampoline', an object in the building, but in no way attached to it.
>
>               * * *
>
> "A 'mini-trampoline', which plaintiffs *have never alleged to be* improperly manufactured, *negligently erected,* or *dangerously maintained,* is not within the exception." (Emphasis supplied.) *Id.,* pp 38–39.

Plaintiff here, by alleging the facts I noted above, has presented enough to constitute a factual dispute within the statutory exception. Second, bare walls or iron bars are clearly as much a part of the Wayne County Jail as was the machine which the Supreme Court, in *Green v Department of Corrections,* 386 Mich 459; 192 NW2d 491 (1971), found to be part of the building. Finally, *Cody* stressed the portion of the statute which relates to

"defective" conditions. The pleadings here allege "dangerous" conditions. The statute clearly distinguishes the two types of conditions by stating them in the disjunctive, "dangerous *or* defective condition". (Emphasis supplied.)

I concur in the majority's disposition of the other issues involved here. I would remand this case to the trial court for a trial to determine the applicability of the building exception to defendant's (Wayne County's) statutory immunity. I agree with the learned trial judge's dismissal of claims against all defendants except for Wayne County.