## WESTERVELT v DEPARTMENT OF CORRECTIONS

Docket No. 77-5075. Submitted June 15, 1978, at Grand Rapids.—
Decided November 6, 1978.

William Westervelt, an inmate at the Michigan Reformatory at
Ionia, brought suit in the Court of Claims against the Michigan
Department of Corrections and Dale Fontz, Warden of the
reformatory, for damages for injury allegedly suffered in an
assault by other inmates, claiming the injuries were the result
of the defendants' negligence. An accelerated judgment of
dismissal was granted as to defendant Dale Fontz only. The
Department of Corrections later raised the defense of govern-
mental immunity by way of a motion for accelerated judgment,
which was granted by the Court of Claims, Martin B. Breigh-
ner, J. Plaintiff appeals, alleging that the Department of Cor-
rections waived the governmental immunity defense, and that
his claim falls within either the defective building exception to
the governmental immunity statute or the nuisance exception
to governmental immunity. *Held:*

1. The governmental immunity defense was not waived. An
affirmative defense may be raised by amendment as well as in
the initial answer and if so raised is to be treated as if raised
by motion for accelerated judgment. Although the defense was
raised in a motion for accelerated judgment, not timely filed,
the trial court has discretion to hear such a motion.

2. Plaintiff's claim of injuries caused by other inmates does
not fall within the defective condition exception to governmen-

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading § 308.
[2] No Reference
[3, 5] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 98,
101, 150.
[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 293.
Rule of municipal immunity from liability of acts in performance of
governmental functions as applicable to personal injury or death
as result of a nuisance. 56 ALR2d 1415.
[6] No Reference
[7] 58 Am Jur 2d, Nuisance § 32.

tal immunity. The thrust of the exception is to provide redress for injuries caused by structural fault or failure to properly maintain a building.

3. The nuisance exception to governmental immunity applies to intentional, not negligent, nuisances. Plaintiff's claim is based upon negligent maintenance of a nuisance.

Affirmed.

T. M. BURNS, J., dissented. He would hold that the plaintiff has pled facts which bring his complaint within the defective building exception to governmental immunity and is therefore entitled to trial on the merits of his claims. He also would hold that plaintiff's claim of nuisance alleges facts concerning a dangerous condition, intentionally created, and that the plaintiff is entitled to a trial on the merits of that issue.

OPINION OF THE COURT

1. PLEADING—AFFIRMATIVE DEFENSES—AMENDMENT OF PLEADINGS.

An affirmative defense may be raised by amendment of a party's pleadings allowed by leave of the court, even if not raised in the party's initial answer to the complaint.

2. MOTIONS—ACCELERATED JUDGMENT—AMENDMENT TO PLEADINGS.

A trial court did not err by hearing a defendant's motion for accelerated judgment based upon governmental immunity which was not timely brought because had the defendant properly raised the defense by means of amendment to its pleadings the defense would have been treated as if raised by motion for accelerated judgment.

3. TORTS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—PUBLIC BUILDINGS—CORRECTIONAL FACILITIES—INMATES—STATUTES.

The fact that an injury occurs in a public building does not in and of itself bring that injury within the defective building condition exception to the governmental immunity statute; an inmate of a correctional institution who was allegedly injured by other inmates may not invoke the defective condition exception for failure to provide adequate supervision because the thrust of the exception is to provide redress for injuries caused by structural fault or failure to properly maintain a building (MCL 691.1406; MSA 3.996[106]).

4. NUISANCE—TORTS—GOVERNMENTAL IMMUNITY—EXCEPTIONS.

A nuisance exception to governmental immunity applies to intentional but not negligent nuisances.

DISSENT BY T. M. BURNS, J.

5. TORTS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—PUBLIC BUILD-
INGS—CORRECTIONAL FACILITIES—INMATES—STATUTES.

*A correctional facility is a public building and an inmate is a
member of the public for purposes of the statute which creates
an exception to governmental immunity where an injury occurs
as the result of a defective or dangerous condition of a public
building (MCL 691.1406; MSA 3.996[106]).*

6. JUDGMENT—ACCELERATED JUDGMENT—GOVERNMENTAL IMMUNITY—
PUBLIC BUILDINGS—STATUTES.

*A trial court's grant of accelerated judgment to the Department
of Corrections was improper where the plaintiff, an inmate who
was allegedly injured by his fellow inmates, pled facts which
would bring his complaint within the defective building excep-
tion to the governmental immunity statute (MCL 691.1406;
MSA 3.996[106]).*

7. NUISANCE—NUISANCE IN FACT—INTENTIONALLY CREATED NUISANCE
—QUESTION OF FACT.

*A plaintiff inmate who in his suit against the Department of
Corrections has alleged a nuisance in the maintenance of the
facility in which he was incarcerated is entitled to a hearing on
the merits of his allegations; whether there was a nuisance in
fact and whether that nuisance was intentionally created are
questions for the trier of fact.*

*Cholette, Perkins & Buchanan* (by *Kenneth L.
Block),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Rebecca Chap-
man McClear,* Assistant Attorney General, for
defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M.
BURNS and W. VAN VALKENBURG,* JJ.

D. E. HOLBROOK, JR., P.J. Appellant, an inmate at
the Ionia Reformatory, claims he was sexually at-

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tacked by other inmates, resulting in physical and emotional injury. Suit was filed against the Department of Corrections and Dale Fontz alleging that plaintiff's injuries were the result of defendants' negligence. The Department of Corrections filed its answer but did not raise the defense of governmental immunity. Such defense was raised by means of a motion for accelerated judgment approximately four months later. Thereafter plaintiff attempted to amend his complaint to include an allegation that the case fell within the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106). The motion to amend was never granted although the claims therein contained were examined by the trial court. Thereafter defendant's motion for accelerated judgment was granted. Plaintiff appeals as of right.

Plaintiff claims that failure to raise the defense of governmental immunity in the first responsive pleading constitutes waiver. We disagree.

GCR 1963, 111.3 provides that defenses not asserted in the responsive pleading are waived, while GCR 1963, 118.1 permits amendment of pleadings by leave of the court. Affirmative defenses may be raised by amendment, even if not raised in the initial answer. *Ben P. Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). Clearly, the affirmative defense of governmental immunity can only be waived when not asserted.

Defendant raised governmental immunity as a defense through a motion for accelerated judgment. Said motion not being brought within the time set by GCR 1963, 108.2, it must be considered a motion out of time. GCR 1963, 108.7(2) grants the trial court discretion to hear motions out of time. *Guastello v Citizens Mutual Ins Co,* 11 Mich

App 120; 160 NW2d 725 (1968). This discretion applies to motions for accelerated judgment made out of time as well as other motions. *Manufacturers Construction Co v Covenant Investment Co,* 43 Mich App 123; 204 NW2d 54 (1972). While appellee should have proceeded by means of amendment to its answer with a hearing on the merits of the claim, as prescribed by GCR 1963, 116.3, similar results would have occurred since a defense raised by responsive pleading is treated as if raised by a motion for accelerated judgment. The trial court did not err in hearing the motion for accelerated judgment or in its determination that governmental immunity had not been waived.

Appellant contends this case falls within the defective condition exception to governmental immunity. MCL 691.1406; MSA 3.996(106). We reject this argument. The fact that an injury occurred in a public building does not in and of itself bring that injury within the defective condition exception. *Cody v Southfield-Lathrup School Dist,* 25 Mich App 33; 181 NW2d 81 (1970). Plaintiff's injuries were caused by inmates rather than the physical building. His allegation of defective condition is in effect a claim that the physical structure was so designed that inmates could not be adequately supervised. Plaintiff cannot invoke the defective condition exception for failure to provide adequate supervision since the thrust of the exception is to provide redress for injuries caused by structural fault or failure to properly maintain a building. *Lockaby v Wayne County,* 63 Mich App 185; 234 NW2d 444 (1975). Such was not the case here.

Plaintiff's contention that the governmental immunity statute is unconstitutional is without merit. *White v Detroit,* 74 Mich App 545; 254

NW2d 572 (1977). See *Thomas v Dept of State Highways,* 398 Mich 1; 247 NW2d 530 (1976).

With respect to plaintiff's nuisance claim it is based upon maintaining and operating the Ionia Reformatory in a fashion hazardous to the inmates. This claim fails even in light of the Michigan Supreme Court's decision in *Gerzeski v Dept of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). *Gerzeski* held that the nuisance exception to governmental immunity applies to intentional but not negligent nuisances. The claim in the instant case was predicated upon negligently maintaining a nuisance.

Affirmed. No costs, interpretation of a statute involved.

W. VAN VALKENBURG, J., concurred.

T. M. BURNS, J. *(dissenting).* I cannot agree that the claims raised in plaintiff's complaint are subject to summary dismissal by the court on the basis of governmental immunity and, therefore, dissent.

In Count III of his amended complaint, plaintiff alleged that the "facility was designed, constructed, maintained and operated in a dangerous and defective condition in that it did not provide for constant and unobstructed observation of all areas by the supervisory personnel" and that the facility "was dangerous in that it physically separated the plaintiff and potentially dangerous inmates from observation and supervision by the correctional facility staff".

In two recent opinions, a five-member majority[1]

---

[1] The point in question is discussed in § IIB of Justice FITZGERALD's opinion in *Pichette v Manistique Public Schools.* The Chief Justice and Justice LEVIN signed the opinion authored by Justice FITZGERALD. Justices MOODY and WILLIAMS joined in this part of Justice FITZGERALD's opinion in their own separate opinions.

of our present Supreme Court has rejected the former narrow construction placed on the so-called public buildings exception to governmental immunity contained in MCL 691.1406; MSA 3.996(106) by this Court. *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), *Tilford v Wayne County General Hospital,* 403 Mich 293; 269 NW2d 153 (1978). Instead, the Court stated the statute placed "upon governmental agencies the duty to maintain safe public places". *Pichette,* at 285. A correctional facility is a public building and an inmate is a member of the public for purposes of this statute. See, *Green v Dep't of Corrections,* 386 Mich 459, 464; 192 NW2d 491 (1971).

Plaintiff has pled facts which bring his complaint within the statutory exception as interpreted by the Supreme Court. He is claiming a defect in the building, not mere negligence in the supervision of the inmates in the building. Whether he can prove that a correctional facility which does not provide for constant observation is a defective building, or whether, if shown to be defective, the building was the cause of his injuries is something to be shown at trial. See, *Lockaby v Wayne County,* 63 Mich App 185, 191; 234 NW2d 444 (1975) (N. J. KAUFMAN, J., dissenting in part), *lv gtd,* 400 Mich 814 (1977). The Court of Claims, by summarily dismissing the complaint, and the majority, by affirming that dismissal, are confusing the legal and fact-finding roles of the Court of Claims. Plaintiff is entitled to trial on the merits of the defective building allegations.

Similarly, I disagree with the majority's analysis of plaintiff's claim of nuisance in Count IV of the complaint. There may be a variance between what plaintiff has alleged and what he can prove, but

plaintiff has alleged facts concerning a "dangerous condition" "intentionally created" even if those precise words are not used. Under the opinions[2] in *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), further proceedings should be held in the Court of Claims. Whether there was a nuisance in fact and whether that nuisance was intentionally created are questions of fact for the trier of fact and not questions of law for a court.

I would reverse and remand for further proceedings in the Court of Claims.

---

[2] Since there was no majority opinion in either of the cited cases, the applicable rule to be drawn from them is unclear. *See, Affiliated FM Ins Co v Department of State Highways,* 86 Mich App 203; — NW2d — (1978). At the very least, governmental immunity is no bar to an intentionally created nuisance in fact, the position set forth by Justices Moody and Williams.