BAKUN v SANILAC COUNTY ROAD COMMISSION

Docket No. 68521. Argued October 5, 1983 (Calendar No. 11).—Decided July 19, 1984.

John Bakun and Barbara Bakun brought an action in the Sanilac Circuit Court against the Sanilac County Road Commission and the Ford Motor Company for damages resulting from injuries sustained by John Bakun when his truck struck a vehicle owned and operated by the road commission while it was spreading salt on a state trunk line highway. The court, Allen E. Keyes, J., dismissed the action, holding that the state and not the commission was the proper party defendant. The Court of Appeals, D. C. Riley, P.J., and Cynar and Gage, JJ., affirmed in an unpublished opinion per curiam (Docket No. 54807). The plaintiffs appeal.

In a unanimous opinion by Justice Kavanagh, the Supreme Court *held:*

County road commissions are liable for the negligent operation of their motor vehicles even though liability arises in connection with the construction, improvement, or maintenance of a state trunk line highway.

1. Governmental agencies are liable by statute for damages arising from the negligent operation of their motor vehicles, as a part of a comprehensive scheme of governmental immunity and liability adopted by the Legislature. The imposition of liability for negligence in the operation of a motor vehicle is a more recent declaration of public policy than the provision of the trunk line highway statute that relieved counties of liability in connection with the construction, improvement, and maintenance of state trunk line highways.

2. In this case, the plaintiffs' action was properly brought against the road commission. The plaintiffs were not required by statute to bring the action against the state, and the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 341, 345.

57 Am Jur 2d, Municipal, School, and State Tort Liability § 86.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 118-120.

maintenance agreement between the commission and the state cannot be used to determine against whom the action should be brought or to cut off the plaintiffs' rights to damages from the commission.

Reversed and remanded.

1. GOVERNMENTAL IMMUNITY — COUNTIES — NEGLIGENCE — INTEN-
   TIONAL NUISANCE — HIGHWAYS.

   County road commissions are liable for the negligent operation of their motor vehicles even though liability arises in connection with the construction, improvement, or maintenance of a state trunk line highway (MCL 250.61, 691.1405; MSA 9.901, 3.996[105]).

2. GOVERNMENTAL IMMUNITY — COUNTIES — NEGLIGENCE — INTEN-
   TIONAL NUISANCE — HIGHWAYS.

   The provision that a county road commission is not liable for damages arising from the construction, improvement, and maintenance of state trunk line highways must yield to the later provision in a comprehensive scheme of governmental immunity and liability adopted by the Legislature that governmental agencies are liable for damages arising from the negligent operation of their motor vehicles (MCL 250.61, 691.1405; MSA 9.901, 3.996[105]).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Gregory M. Janks*), for the plaintiffs.

*Daniel E. Atkins* for the Sanilac Road Commission.

KAVANAGH, J. Plaintiffs appeal from an order of summary judgment for defendant dismissing their complaint for damages allegedly sustained as a result of defendant's negligent operation of a motor vehicle.

We reverse and hold that county road commissions are liable for the negligent operation of their motor vehicles even though liability is incurred in connection with the construction, improvement, or maintenance of a state trunk line highway.

I

Pursuant to a contract with the Michigan State Highway Commission, defendant Sanilac County Road Commission maintained M-25, a state trunk line highway. Plaintiff John Bakun was driving his truck along that highway when his truck struck a vehicle owned and operated by defendant that was spreading salt on the highway. Plaintiffs filed suit in Sanilac Circuit Court, asserting several causes of action, including the negligent operation of a motor vehicle, and seeking damages for the personal injuries suffered by John Bakun.

Defendant moved for "accelerated and/or summary judgment", averring that the accident occurred while it was maintaining a state trunk line highway and claiming that by reason of MCL 250.61; MSA 9.901 and the common law it is relieved of all legal liability and is immune from liability. Defendant argued that the state highway department alone was subject to liability.

The trial court granted defendant's motion, and the Court of Appeals affirmed in an unpublished opinion per curiam.

On appeal, plaintiffs argue that MCL 250.61; MSA 9.901 does not grant immunity to counties for their negligence in constructing, improving, and maintaining trunk line highways, because governmental immunity is governed solely by MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* which implicitly repealed the earlier and conflicting MCL 250.61; MSA 9.901. But even if the immunity conferred on counties by MCL 250.61; MSA 9.901 continues, say plaintiffs, it does not bar a cause of action under MCL 691.1405; MSA 3.996(105) for negligent operation of a motor vehicle. MCL 250.61; MSA 9.901 deals with mainte-

nance of a highway, but does not address negligent operation of a motor vehicle. Plaintiffs also contend that their complaint alleges negligence in outfitting the county truck with inadequate lights, mirrors, defrosters, and windshield wipers, which falls under MCL 691.1405; MSA 3.996(105) and which is not a cost or liability arising out of the construction, improvement, or maintenance of a state trunk line and so is not barred by MCL 250.61; MSA 9.901.

Defendant contends that it is not liable for the negligent operation of a motor vehicle engaged in the maintenance of a state trunk line highway. Defendant argues that the words of the statute, "all expenses and legal liabilities", plainly mean to exempt counties from any liability which may arise from the construction, improvement, or maintenance of a trunk line highway. Moreover, defendant argues, the maintenance contract between the defendant and the Michigan State Highway Commission contemplates the state's liability in the event of negligent operation of defendant's vehicles. Consequently, the proper defendant is the state highway commission, and, even if defendant should remain a party, dismissal of the complaint was correct because the circuit court lacked jurisdiction over the state agency.

## II

MCL 250.61; MSA 9.901 provides:

"On and after January 1, 1960, the cost of constructing, improving and maintaining trunk line highways shall be met entirely by the state, and the counties, townships and incorporated cities and villages shall thereafter be relieved of all expenses and legal liabilities in connection therewith as imposed by section 21 of

chapter 4 and chapter 22 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 and sections 242.1 to 242.8 of the Compiled Laws of 1948."

Since MCL 250.61; MSA 9.901 was enacted as 1925 PA 17 and since its last amendment by 1959 PA 185, the Legislature adopted a comprehensive scheme for governmental immunity and liability. See 1964 PA 170, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.* MCL 691.1405; MSA 3.996(105) provides:

"Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948."

Defendant's interpretation of MCL 250.61; MSA 9.901 notwithstanding, the Legislature intended that governmental agencies shall be liable for damages arising from the negligent operation of a motor vehicle. To the extent that MCL 250.61; MSA 9.901, as interpreted by defendant, would prevent the imposition of liability for the negligent operation of a motor vehicle, it yields to MCL 691.1405; MSA 3.996(105).

Defendant interprets MCL 250.61; MSA 9.901 as providing governmental immunity to counties for all liability incurred in connection with the construction, improvement, and maintenance of trunk line highways. The Legislature also provided, however, that all governmental agencies, including counties, are liable for damages resulting from the negligent operation of their motor vehicles. Such agencies do not enjoy immunity from a lawsuit

alleging negligent operation of a motor vehicle. Conceding, *arguendo,* defendant's interpretation of MCL 250.61; MSA 9.901 as providing governmental immunity, we believe that MCL 691.1405; MSA 3.996(105) specifically excepts liability for the negligent operation of a motor vehicle. In relation to the scope of immunity said to be provided by MCL 250.61; MSA 9.901, the liability imposed by MCL 691.1405; MSA 3.996(105) must be viewed as a specific exception.

Even if MCL 250.61; MSA 9.901 was intended to shield counties from liability for the negligent operation of a motor vehicle, the subsequent adoption of MCL 691.1405; MSA 3.996(105) effectively amended the earlier statute to that extent. The statute represents the most recent declaration of public policy on the matter, and the Court is not free to construe it in any way other than to give it full force and effect. By the governmental immunity act, the Legislature intended it as "[a]n act to *make uniform* the liability of municipal corporations, political subdivisions, and the state, its agencies and departments, when engaged in the exercise or discharge of a governmental function, for injuries to property and persons". 1964 PA 170. (Emphasis added.)

Defendant's reliance on *Johnson v Board · of County Road Comm of Ontonagon County,* 253 Mich 465; 235 NW 221 (1931), a factually similar case, is misplaced in the light of 1964 PA 170. See *Popielarski v City of Warren,* 380 Mich 651, 653, fn 1; 158 NW2d 491 (1968).

We cannot accept defendant's alternative theory that the statute directs plaintiffs to bring suit against the state or that the state is a necessary party to the action. The words of the statute simply do not support that interpretation. Defendant further asserts that the maintenance agree-

ment[1] between the Michigan State Highway Commission and itself contemplates the state's liability in the event of the negligent operation of a motor vehicle. The agreement between the state and defendant cannot cut off plaintiffs' rights to damages from defendant or determine against whom plaintiffs shall bring their action. To the extent that defendant seeks a ruling that the state is liable to indemnify defendant, this case is not in the proper posture to make such a determination.

We hold that county road commissions are liable for the negligent operation of their motor vehicles. The fact that such causes of action arise in connection with the construction, improvement, or maintenance of trunk line highways is of no significance. Summary judgment for defendant should not have entered.

Reversed and remanded.

WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with KAVANAGH, J.

---

[1] Defendant refers to two provisions of the maintenance agreement. Paragraph 14 provides in part: "[t]he board shall name the commission as an insured on its motor vehicles public liability and property damage insurance policy". Paragraph 16(G) provides in part: "[t]he commission shall reimburse the board for the following costs in the performance of routine maintenance, non-maintenance, and all other work covered by this contract. * * * The state's share of the premium for general liability insurance saving the county harmless against all claims for injuries to persons or property arising out of work on state trunk line highways pursuant to the terms of this agreement".