PETERSON v MUSKEGON COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS

Docket No. 76950. Submitted June 27, 1984, at Grand Rapids.—Decided September 5, 1984.

Plaintiff, Lawrence Peterson, brought an action in the Muskegon Circuit Court against defendant, the Board of County Road Commissioners of Muskegon County, alleging that he was injured when his vehicle hit a patch of ice and snow on US-31 which was alleged to have been on the road because the defendant, in snowplowing an overpass called Airline Highway, plowed the snow and ice onto US-31. The trial court, R. Max Daniels, J., granted the defendant's motion for summary judgment after finding that the plaintiff's allegation did not describe the operation of a motor vehicle since the snowplow was not alleged to have been at the scene and to have thrown the snow immediately preceding the accident. Plaintiff appeals. *Held:*

1. The proper question is whether, under all the facts alleged by the plaintiff, the injuries suffered by the plaintiff may, in fact, be said to have resulted from the negligent operation of a motor vehicle. Under the facts alleged, the trial court correctly concluded that plaintiff had not sufficiently alleged such injuries.

2. The gravamen of plaintiff's complaint is not that a snow plow was negligently operated, but rather that snowplowing was negligently performed. The complaint does not sufficiently allege that the accident and subsequent injury to plaintiff were caused by the negligent operation of the snowplow.

Affirmed.

Governmental Immunity — Automobiles — Operation of Motor Vehicle.

A governmental agency may be found liable for bodily injury and

References for Points in Headnote

7A Am Jur 2d, Automobiles and Highway Traffic § 682.

57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 118-120.

What constitutes "operation" or "negligence in operation" within statute making owners of motor vehicle liable for negligence in its operation. 13 ALR2d 378.

property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency of a motor vehicle of which the governmental agency is the owner (MCL 691.1405; MSA 3.996[105]).

*McCroskey, Feldman, Cochrane & Brock* (by *J. Walter Brock),* for plaintiff.

*Nelson & Kreuger, P.C.* (by *Steven L. Kreuger),* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and G. R. MCDONALD,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's opinion and order granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1).

Plaintiff was allegedly injured when his vehicle hit a patch of ice and snow on US-31. Plaintiff claims the ice and snow were on the road because defendant, in snowplowing an overpass called Airline Highway, plowed the snow and ice onto US-31. His complaint alleges the following negligence against defendant:

"e. Operating a motor vehicle, namely a snowplow, and plowing Airline Highway in such a manner that ice and snow was thrown off the bridge and landing on US-31 where it formed into ridges of ice and snow thereby creating a highly dangerous condition."

The complaint was couched in these terms because the road commission would be entitled to governmental immunity unless the bodily injury "result-[ed] from the negligent operation by any officer, agent, or employee of the governmental agency, of

* Circuit judge, sitting on the Court of Appeals by assignment.

a motor vehicle of which the governmental agency is owner". MCL 691.1405; MSA 3.996(105).[1] The circuit court held that factually this allegation did not describe "operation of a motor vehicle" because "[t]here is no allegation that the snowplow was at the scene and had thrown the snow immediately preceding the accident. * * * If in fact the snow and ice were plowed directly upon the plaintiff as he approached, this case would have been more likely to survive the motion for summary judgment." The court therefore granted summary judgment. On appeal, plaintiff argues that the trial court incorrectly focused on the timing of the snowplowing and the subsequent accident.

The trial court's analysis of "on-the-scene" negligence is taken from two previous Court of Appeals decisions, *McNees v Scholley,* 46 Mich App 702; 208 NW2d 643 (1973), and *Cobb v Fox,* 113 Mich App 249; 317 NW2d 583 (1982). In *McNees,* a nine-year-old boy was struck by an automobile while standing across the street from the defendant school district's designated school bus stop. The plaintiffs alleged that the defendant school district had been negligent in the operation of its school bus by designating an unsafe place as a school bus stop and by having its bus driver make daily stops there. This Court held that it could not be said that the facts indicated that the boy's injuries were the result of the defendant school district's negligent operation of its school bus. The Court noted that the bus was not present at the accident and did not arrive until some time later:

"We are constrained to rule that under the facts in the instant case the school bus not being in a *'state of being at work * * * at the time and place the injury is*

*[was] inflicted'*, the plaintiffs do not have a cause of action under the terms of the subject statute." 46 Mich App 706-707. (Emphasis in original.)

In *Cobb v Fox,* this language was cited by the Court to reverse a denial of summary judgment motions where an eight-year-old boy was struck by a car after being discharged from the defendants' school bus. The plaintiffs alleged that the defendants were negligent in the operation of the school bus by designating an unsafe location as a school bus stop, by improper scheduling, and in failing to provide safety instructions or supervision. The plaintiffs also alleged that the bus driver was negligent in faling to ascertain that his passengers had safely crossed the highway, or were not otherwise subject to hazards, before he left the area. The Court noted that at the time the accident happened there were no school buses within two blocks of the accident and there was no allegation that the boy was struck by his school bus. This Court then cited the *McNees* language and reversed the trial court.

In the present case, the trial court granted summary judgment against plaintiff solely because the snowplow was not alleged to have been at the scene of the accident. We believe that this reasoning does not fully comprehend the analysis of both the *McNees* and *Cobb* cases. In both of these cases, the "place and time" test was applied because, under the facts of the cases, this test strikingly demonstrated that the accidents had not "resulted from the negligent operation * * * of a motor vehicle". The school buses in *McNees* and *Cobb* did not cause the accidents, and the Courts were, in effect, pointing to facts which demonstrated this.

The proper question, therefore, is whether, under all the facts alleged by a plaintiff, the injuries

suffered by the plaintiff may, in fact, be said to have resulted from the negligent operation of a motor vehicle. Under the facts alleged in this case, we find that the trial court correctly concluded that plaintiff had not sufficiently alleged such an injury. The gravamen of plaintiff's complaint is not that a snowplow was negligently operated, but rather that snowplowing was negligently performed. The complaint does not sufficiently allege that the accident and subsequent injury to plaintiff were caused by the negligent operation of the snowplow. *Cobb v Fox, supra,* 113 Mich App 260-261.

Affirmed.