REGAN v WASHTENAW COUNTY BOARD OF
COUNTY ROAD COMMISSIONERS
ZELANKO v WASHTENAW COUNTY BOARD OF
COUNTY ROAD COMMISSIONERS

Docket Nos. 219761, 220532. Submitted September 13, 2000, at Lansing.
Decided January 11, 2002, at 9:00 A.M. Leave to appeal sought.

Dona and Brian Regan brought an action in the Washtenaw Circuit
Court against the Washtenaw County Board of County Road Com-
missioners and David Cavanaugh, alleging tort liability pursuant to
the motor vehicle exception to governmental immunity for injury
sustained by Dona Regan when the bus she was driving on a high-
way collided with a broom tractor that was owned by the road
commission, operated by Cavanaugh (a road commission em-
ployee), and part of a five-vehicle convoy performing maintenance
on the shoulder of the highway. The plaintiffs alleged that Dona
Regan was blinded by dust stirred up by the broom tractor as she
was passing the broom tractor. The court, Timothy P. Connors, J.,
granted summary disposition for Cavanaugh, ruling that no reason-
able trier of fact would find the requisite gross negligence by Cava-
naugh. The court, however, denied summary disposition for the
road commission, ruling that genuine issues of material fact existed
regarding whether the road commission is liable under the motor
vehicle exception to governmental immunity. The road commission
appealed by leave granted.

Leonard Zelanko brought an action in the Washtenaw Circuit Court
against the Washtenaw County Board of County Road Commission-
ers and Richard L. Shehan, alleging tort liability pursuant to the
motor vehicle exception to governmental immunity for injury sus-
tained by Zelanko while driving a tractor-trailer on a highway when
a piece of tire tread propelled by a tractor mower owned by the
road commission and operated by Shehan (a road commission
employee mowing grass along the highway) shattered the wind-
shield of Zelanko's truck. The court, Donald E. Shelton, J., granted
summary disposition for Shehan, ruling that no reasonable trier of
fact would find the requisite gross negligence by Shehan. The
court, however, denied summary disposition for the road commis-
sion, ruling that genuine issues of fact existed regarding whether

the road commission is liable pursuant to the motor vehicle exception to governmental immunity. The road commission appealed by leave granted, and the appeal was consolidated with its appeal in the case involving the Regans.

The Court of Appeals *held*:

1. MCL 691.1407(1) provides that a governmental agency, subject to certain exceptions, is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function. Among the exceptions to such immunity is the motor vehicle exception, MCL 691.1405, which provides that governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency of a motor vehicle owned by the governmental agency.

2. In theses cases, the trial courts correctly denied the road commission's motions for summary disposition. The plaintiffs, by alleging direct and physical links between their injuries and the purported negligent operation of road commission vehicles by road commission employees, have alleged that injuries resulted from the negligent operation of road commission motor vehicles by road commission employees so as to give rise to questions for the trier of fact regarding whether there is road commission liability pursuant to the motor vehicle exception to governmental immunity.

Affirmed and remanded.

WILDER, J., dissenting, stated that the motor vehicle exception to governmental immunity is inapplicable to the plaintiffs' actions because the gravamen of the plaintiffs' complaints involve challenges to the manner in which governmental functions were performed and because the plaintiffs' complaints, in alleging merely casual links between the plaintiffs' injuries and the operation of road commission motor vehicles, do not allege that their injuries resulted from the negligent operation of road commission motor vehicles.

GOVERNMENTAL IMMUNITY — TORTS — MOTOR VEHICLE EXCEPTION.

The motor vehicle exception to governmental immunity from tort liability in the exercise or discharge of a governmental function makes it possible for a governmental agency to be liable for bodily injury and property damage resulting from the negligent operation by an officer, agent, or employee of the governmental agency of a motor vehicle owned by the governmental agency; because the operation of a government-owned motor vehicle is typically in a setting where a governmental function is being undertaken, the pertinent inquiry is not whether governmental immunity precludes liability for the exercise of the governmental function, but whether

the alleged injury or damage resulted from the negligent operation
of the government-owned motor vehicle (MCL 691.1405).

*Blaske & Blaske* (by *Thomas H. Blaske* and *E. Robert Blaske*), for Dona and Brian Regan.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Patrick Burkett* and *David F. Greco*), for Leonard Zelanko.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*) and *Highland & Zanetti, P.C.* (by *R. Michael John*), for Washtenaw County Board of County Road Commissioners.

Before: MURPHY, P.J., and GRIFFIN and WILDER, JJ.

MURPHY, P.J. In these consolidated cases, defendant Washtenaw County Board of County Road Commissioners appeals by leave granted the trial courts' orders denying its motions for summary disposition. The trial courts held that there were genuine issues of material fact regarding the question whether the conduct engaged in by defendant's employees involved the negligent operation of a motor vehicle, which would trigger the exception to governmental immunity found in MCL 691.1405. We affirm and remand.

In the Regan case, plaintiff Dona Regan was driving a school bus when she collided with a broom tractor owned by defendant road commission and operated by defendant David Cavanaugh, an employee of defendant. The Regans' complaint alleged that the tractor, which was the third vehicle in a five-vehicle convoy performing shoulder maintenance, straddled a fog line and extended several feet into her lane, which caused Regan to move to the left in an effort to pass the tractor, at which time a blinding dust cloud

formed and Regan's vehicle and the county vehicle collided. The Regans further alleged that the operator was negligent in failing to pay proper attention to his course of travel and the movement of others on the highway, in failing to keep a sharp and careful lookout, in failing to be observant of conditions, and in failing to keep his tractor constantly under control.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), and the trial court granted Cavanaugh's motion, finding that no reasonable trier of fact could conclude that he engaged in gross negligence;[1] however, the court denied the road commission's motion, finding that the allegations in the complaint could lead to a finding that the broom tractor was negligently operated, and that there were questions of fact regarding whether the alleged actions fell within MCL 691.1405.

In the Zelanko case, plaintiff Leonard Zelanko's tractor-trailer rig was struck in the windshield by a piece of tire tread propelled by a tractor mower operated by defendant Richard Lee Shehan, an employee of defendant, after Shehan ran over the tire tread while cutting grass along the side of the highway. The tire tread shattered the windshield and caused injuries to Zelanko. Zelanko alleged that the operator was negligent in failing to operate the tractor with due care and caution, in failing to maintain control of the tractor at all times, in failing to avoid driving over the tire tread, and in failing to keep a sharp lookout so as to avoid injuring Zelanko.

---

[1] The Regans have not challenged the trial court's dismissal of the action against Cavanaugh.

Defendants Shehan and the road commission moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), and the trial court granted Shehan's motion, finding that no reasonable trier of fact could conclude that he engaged in gross negligence;[2] however, the court denied the road commission's motion, apparently finding that there was a genuine issue of material fact under MCL 691.1405.

This Court reviews de novo motions for summary disposition brought pursuant to MCR 2.116(C)(7). *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). Summary disposition is proper when a claim is barred because of immunity granted by law. *Id.* To survive a motion for summary disposition based on governmental immunity, the plaintiff must allege facts giving rise to an exception to governmental immunity. *Id.* This Court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them. *Id.*

Immunity from tort liability is granted to governmental agencies, their employees, and officers by MCL 691.1407(1), which provides, in part, that "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." An exception to the general rule of governmental immunity is provided in MCL 691.1405:

---

[2] Zelanko has not challenged the trial court's dismissal of the action against Shehan.

Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner[.]

The Legislature's grant of immunity from tort liability in MCL 691.1407(1) to governmental agencies is to be interpreted broadly and exceptions to this rule are to be narrowly drawn and strictly construed. *Richardson v Warren Consolidated School Dist*, 197 Mich App 697, 699; 496 NW2d 380 (1992).

Defendant relies on *Peterson v Muskegon Co Bd of Co Rd Comm'rs*, 137 Mich App 210; 358 NW2d 28 (1984), in which the plaintiff was injured when his vehicle struck a patch of snow and ice. Defendant's reliance on *Peterson* is misplaced because the case is distinguishable from the present case. In *Peterson*, the plaintiff filed suit claiming that the snow and ice had been negligently plowed off an overpass and onto the highway before the plaintiff came upon the scene. *Id.* at 211-212. On appeal, this Court, affirming the trial court's dismissal of the action on different grounds, stated:

The proper question, therefore, is whether, under all the facts alleged by a plaintiff, the injuries suffered by the plaintiff may, in fact, be said to have resulted from the negligent operation of a motor vehicle. Under the facts alleged in this case, we find that the trial court correctly concluded that plaintiff had not sufficiently alleged such an injury. The gravamen of plaintiff's complaint is not that a snowplow was negligently operated, but rather that snowplowing was negligently performed. The complaint does not sufficiently allege that the accident and subsequent injury to plaintiff were caused by the negligent operation of the snowplow. [*Id.* at 213-214.]

Here, plaintiffs alleged that the accidents and subsequent injuries were caused by the negligent operation of motor vehicles.

Defendant's reliance on *Michigan N R Co v Auto-Owners Ins Co*, 176 Mich App 706; 440 NW2d 108 (1989), is also misplaced. There, this Court applied the test enunciated in *Peterson* in the context of a no-fault automobile insurance case, where the plaintiff was injured when its train derailed after crossing a pile of dirt left on the tracks by a county employee who had earlier plowed over the railroad crossing. *Id.* at 707-708, 712. Addressing the issue whether the accident arose out of the ownership, operation, maintenance, or use of a motor vehicle, this Court held:

> [I]t was not the operation of defendant's vehicle that caused the accident, but the residual effect of the act of plowing or grading the road. This distinction is crucial to the resolution of this issue. The operation of the blade truck was not the cause of plaintiff's property damage. Rather, it was the end result of the act of plowing the road that caused the train to derail. Therefore, plaintiff's damages do not arise out of the ownership, operation, maintenance or use of a motor vehicle and are not covered by the no-fault act. [*Id.* at 712-713.]

Here, once again, the alleged facts are distinguishable because plaintiffs alleged that the operation of the road commission's vehicles caused the injuries, and not that the injuries were caused by the end result of defendant's actions.

In *Williams v Citizens Mut Ins Co of America*, 94 Mich App 762, 764-765; 290 NW2d 76 (1980), this Court, addressing the same no-fault provision as in *Michigan N R Co*, noted that the causal connection between the operation of a vehicle and the injury can-

not be extended to something distinctly remote, and each case depends on its own facts. Here, the alleged cause of the injuries, the operation of motor vehicles, cannot be said to be indirectly and remotely related to the claimed injuries, if in fact the injuries were caused by the negligent operation of a motor vehicle.

In *Robinson v Detroit*, 462 Mich 439, 445; 613 NW2d 307 (2001), our Supreme Court, addressing the parameters of civil liability of governmental agencies and police officers when a police chase results in injuries or death,[3] stated:

> We agree with *Fiser v Ann Arbor*, 417 Mich 461; 339 NW2d 413 (1983), that an officer's physical handling of a motor vehicle during a police chase, can constitute "negligent operation . . . of a motor vehicle" within the motor vehicle exception. However, plaintiffs' injuries did not, as a matter of law, result from the operation of the police cars where the police cars did not hit the fleeing car or physically cause another vehicle or object to hit the vehicle that was being chased or physically force the vehicle off the road or into another vehicle or object. [Omission in original.]

The *Robinson* Court continued by stating that "[c]onversely, if an innocent person is injured as a result of a police chase because a police car physically forces a fleeing car off the road or into another vehicle or object, such person may seek recovery against a governmental agency pursuant to the motor vehicle exception . . . ." *Robinson, supra* at 445, n 2. The plaintiffs' claims in *Robinson* were rejected

---

[3] In *Robinson, supra* at 447-449, a consolidation of two cases, the plaintiffs were passengers in vehicles that were attempting to elude police. The vehicles, in which the plaintiffs were riding, eventually crashed into a house and into a nonpolice vehicle. *Id.*

because the allegations in their respective complaints alleged that the police failed to operate their vehicles in a safe, prudent, and reasonable manner, without alleging that the police vehicles hit the fleeing car or otherwise physically forced the fleeing car off the road or into another vehicle or object. *Id.* at 456.

Here, as distinguishable from *Robinson*, plaintiffs have alleged injuries resulting from the negligent operation of motor vehicles by road commission employees, where it is alleged that the operation of a county vehicle caused Dona Regan's vehicle to directly collide with the county vehicle,[4] caused Dona Regan's vehicle to attempt to maneuver around the county vehicle before the vehicles collided,[5] and caused an object, the tire tread, to directly strike Zelanko's vehicle.[6] The injuries allegedly resulted from the collision in the Regan case and the impact of the tire tread in the Zelanko case. Therefore, the present facts fit directly within the situations conceived of by our Supreme Court in *Robinson* that

---

[4] Paragraph ten of the Regans' complaint alleged that "Mrs. Regan's van struck the back of the Defendant WCRC tractor at a slow speed . . . ." Paragraphs fifteen and seventeen of the Regans' complaint alleged that the operator was negligent in failing to pay proper attention to his course of travel and the movement of others on the highway, in failing to keep a sharp and careful lookout, in failing to be observant of conditions, and in failing to keep his tractor constantly under control, and that the negligence caused the alleged injuries.

[5] Paragraph eight of the Regans' complaint alleged that "[c]oncerned about both oncoming traffic and the cars behind her, Mrs. Regan moved to the left slightly to negotiate her way through the curve and past the tractor." The Regans had alleged in paragraph six of the complaint that defendant's vehicle was extending several feet into her lane.

[6] Paragraph eleven of Zelanko's complaint alleged that defendant Shehan "caused the tractor and attached lawnmower which he was operating to drive over a piece of rubber, causing the lawnmower to throw the piece of rubber tire into the air and strike and shatter the windshield of [Zelanko's] motor vehicle."

would give rise to the motor vehicle exception found in MCL 691.1405.

We respectfully disagree, for the reasons stated above, with the dissent's contention that plaintiffs' complaints failed to allege injuries that resulted from the negligent operation of a government vehicle, and that there was merely a casual link between the operation of the vehicle and plaintiffs' injuries. Plaintiffs alleged a direct and physical link between the operation of the county vehicles and plaintiffs' injuries. We do not believe that *Robinson* stands for the proposition that the words "resulting from" have some magical quality that must be used in drafting a complaint in avoidance of governmental immunity.[7] Rather, the gravamen of plaintiffs' complaints was that the alleged injuries resulted from the negligent operation of motor vehicles.

In a case factually similar to the present cases, our Supreme Court in *Bakun v Sanilac Co Rd Comm*, 419 Mich 202, 204, 208; 351 NW2d 810 (1984), held that the defendant was liable for the negligent operation of its motor vehicle where the plaintiff's truck was struck by a county vehicle while that vehicle was spreading salt on the highway and where the plaintiff

---

[7] In *Robinson, supra* at 457, n 14, the Court noted that MCL 691.1405 does not entail a proximate cause "but for" analysis; rather, the focus must be on whether the injuries resulted from the negligent operation of a motor vehicle. The *Robinson* Court did not make any statement directing that the words "resulting from" must be specifically used in a complaint. Here, although plaintiffs did not use the words "resulting from" in their respective complaints, it is clear that the complaints alleged facts sufficient to satisfy the "resulting from" requirement of MCL 691.1405. We reiterate that a party must only allege facts giving rise to an exception to governmental immunity. *Fane, supra* at 74. We also note, in light of our holding, that we find it unnecessary to address any possible conflict between this Court's focus on "causation" in *Peterson, Michigan N R Co*, and *Williams, supra*, and *Robinson's* rejection of proximate cause analysis.

alleged that the vehicle was operated in a negligent manner.

As in *Bakun*, the operation of a motor vehicle by a governmental employee is typically in a setting where a governmental function is being undertaken; the question here is not whether governmental immunity precludes liability for the exercise of the governmental function, but whether the allegations in plaintiffs' complaints allege injuries resulting from the negligent operation of a motor vehicle, thereby triggering the exception found in MCL 691.1405. Any other interpretation would render meaningless the Legislature's decision to enact MCL 691.1405, the statute that creates an exception to governmental immunity for negligent operation of a government-owned vehicle by an officer, agent, or employee of the governmental agency.[8] We believe that the allegations in both complaints were sufficient to give rise to an exception to governmental immunity pursuant to MCL 691.1405.

Whether the operation of the motor vehicles was negligent and resulted in plaintiffs' injuries is for the trier of fact to decide.[9] The trial court properly denied defendant's motions for summary disposition.

Affirmed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

GRIFFIN, J., concurred.

---

[8] When reviewing the language of a statute, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. *Wickens v Oakwood Healthcare System*, 465 Mich 53, 60; 631 NW2d 686 (2001).

[9] If underlying issues of fact exist regarding whether a party is entitled to immunity granted by law, it is proper for the jury to decide those facts. See *Vargo v Sauer*, 457 Mich 49, 52, 72; 576 NW2d 656 (1998); see also *Phinney v Perlmutter*, 222 Mich App 513, 524; 564 NW2d 532 (1997).

WILDER, J. *(dissenting)*. I respectfully dissent. Because the gravamen of plaintiffs' complaints in these two cases involve challenges to the manner in which the governmental functions were performed, and because plaintiffs' complaints do not allege that their injuries *resulted from* the negligent operation of government motor vehicles, I would hold that defendant was entitled to judgment as a matter of law in both cases.

### I. FACTS AND PROCEDURAL BACKGROUND

#### A. THE REGAN CASE

Plaintiff Dona Regan was involved in a vehicular accident when the vehicle she was driving collided with a broom tractor owned by defendant Washtenaw County Road Commission and operated by David Cavanaugh, an employee of defendant. At the time of the accident, Regan was driving the school bus that she drives professionally west on US-12 between Saline and Clinton. The road commission's broom tractor was the third vehicle in a five-vehicle convoy performing shoulder maintenance in this same stretch of westbound US-12. The first vehicle in the convoy plowed dirt, the second vehicle pushed the dirt away from the road, the third vehicle was Cavanaugh's broom tractor that swept dirt off the roadway and onto the shoulder, the fourth vehicle compacted the dirt on the shoulder, and the fifth vehicle was a truck that pulled a sign depicting an arrow, the purpose of which was to alert traffic to the maintenance work. Stationary signs were placed along the road to warn drivers about the road work ahead, and Regan was admittedly aware of the maintenance project. Regan

approached the convoy, moved to the left, and slowed down. The weather was hot and windy. As Regan approached the broom tractor, a cloud of dust enveloped her vehicle and made it impossible for her to see. Regan slammed on her brakes and swerved right, resulting in a collision between the school bus and the broom tractor.

The complaint filed by Regan and her husband, Brian Regan, against Cavanagh and the road commission alleged in part:

> 6. Because she was approaching on a curve, she could not tell that the tractor, unlike the other Defendant WCRC trucks, was actually straddling the fog line and extending several feet into her lane.
>
> \*     \*     \*
>
> 8. Concerned about both oncoming traffic and the cars behind her, Mrs. Regan moved to the left slightly to negotiate her way through the curve and past the tractor. Unfortunately, precisely at this moment the wind suddenly whipped up a dense, blinding dust cloud which literally obliterated Mrs. Regan's vision.
>
> \*     \*     \*
>
> 14. Defendant Cavanaugh owed a duty to Plaintiff Dona Regan to use due care and caution in the operation and control of the tractor owned by Defendant WCRC, and to drive with care and circumspection so as to reasonably protect the safety, health, life and property of Plaintiff and to obey the Motor Vehicle Code of the State of Michigan and the rules of common law.
>
> 15. Contrary to the duties or [sic] the Plaintiff, Defendant Cavanaugh was negligent in that he:
>
> a. Failed to pay proper attention to his course of travel and the movement of others upon the roadway;
>
> b. Failed to keep a sharp and careful lookout;
>
> c. Failed to see what there was to be seen;

d. Failed to keep his tractor constantly under control;

e. Operated his vehicle with utter disregard for the rights, safety and position of others on the road; and

f. Failed to operate his tractor in such a manner so as not to endanger Plaintiff Regan, all of which are contrary to common law and the laws governing the operation of motor vehicles within the State of Michigan.

15. [sic] In addition to its liability to Plaintiffs as owner of the vehicle involved, Defendant Washtenaw County Road Commission owed a duty to Plaintiff, Dona Regan, to entrust the vehicle titled in its name to a reasonably prudent person who would drive with due and reasonable care under all of the circumstances.

16. Contrary to these duties owed Plaintiff, Defendant WCRC acted negligently in that it:

a. Permitted David Cavanaugh to operate the motor vehicle owned by Defendant WCRC to regravel a road on a blustery, windy day; and

b. Failed to provide a water truck to hose down the dust and debris stirred up by the tractor, thus enabling both Plaintiff Dona Regan and Mrs. Junkins to be blinded and unable to safely proceed.

Cavanaugh and the road commission moved for summary disposition under MCR 2.116(C)(7) and (10). The trial court granted Cavanaugh's motion, finding that no reasonable trier of fact could conclude that Cavanaugh engaged in gross negligence and, thus, the suit against him was barred by governmental immunity.[1] The trial court denied the road commission's motion, finding that the allegations in the Regans' complaint could lead to a finding that the broom tractor itself was negligently operated and there were questions of fact regarding whether the alleged actions fell within the motor vehicle excep-

---

[1] The Regans have not challenged the trial court's dismissal of the claim against Cavanaugh and thus Cavanaugh is not a party to this appeal.

tion to governmental immunity. The trial court also denied the road commission's motion for reconsideration, finding "no palpable error" in the original ruling. The road commission filed an interlocutory appeal, and this Court granted leave.

## B. THE ZELANKO CASE

Plaintiff Leonard Zelanko was driving a tractor-trailer rig in the course of his employment along eastbound I-94 in Washtenaw County. At the same time, Richard Lee Shehan, an employee of defendant, was operating a tractor mower along I-94, cutting the grass along the south side of the embankment. Shehan ran over a piece of tire tread and the mower propelled it toward the freeway, where it hit the windshield of Zelanko's truck, shattering the windshield and causing injuries to Zelanko. Zelanko's complaint against Shehan and the road commission alleged in part:

> 7. On or about September 12, 1996, at approximately 1:00 p.m., Defendant, SHEHAN, was operating a tractor with an attached lawnmower and was also traveling eastbound along I-94, on the side of the road, when he drove over a piece of rubber tire, causing the lawnmower to throw it into the air, whereby it struck and shattered the windshield of Plaintiff, ZELANKO's, motor vehicle, and caused severe injuries to Plaintiff, ZELANKO, as more particularly stated hereinafter.
>
> *    *    *
>
> 10. Defendant, SHEHAN, breached his duties to Plaintiff in the following particulars:
>
> a. Failing to operate the tractor and attached lawnmower with due care and caution;
>
> b. Failing to maintain control at all times while upon the highways;

c. Failing to exercise reasonable and ordinary care;

d. Failing to avoid driving over the piece of rubber and/or other debris when Defendant knew or should have known that the failure to do so would naturally and probably result in injury to the Plaintiff;

e. Failing to exercise reasonable and ordinary care to keep a sharp lookout so as to avoid injuring the Plaintiff;

f. Other acts and/or omissions which shall become known during discovery.

11. Notwithstanding the duties and obligations imposed upon Defendant, SHEHAN, by the statutes of the State of Michigan and the rules of common law, as hereinbefore stated, said Defendant omitted and neglected each and every particular and as a true and proximate result of the violations thereof, Defendant, SHEHAN, cause[d] the tractor and attached lawnmower which he was operating to drive over a piece of rubber, causing the lawnmower [to] throw the piece of rubber tire into the air and strike and shatter the windshield of Plaintiff, ZELANKO's, motor vehicle.

* * *

13. Defendant, ROAD COMMISSION, is liable for negligent entrustment of its tractor and lawnmower to Defendant, SHEHAN, and knew or should have known at the time of the entrustment that Defendant, SHEHAN, was an incompetent driver and/or was incompetent or unqualified to operate the tractor and attached lawnmower.

Shehan and the road commission moved for summary disposition under MCR 2.116(C)(7) and (10) The trial court ruled that Shehan should be dismissed from the suit, finding that plaintiff failed to allege or present any facts that Shehan was grossly negligent at the time of the incident.[2] The trial court denied the road commission's motion, apparently finding that there were genuine issues of material fact regarding

---

[2] Zelanko has not challenged the trial court's dismissal of the claim against Shehan and thus Shehan is not a party to this appeal.

whether Shehan or the road commission were negligent.[3] The road commission filed an interlocutory appeal, and this Court granted leave and, on its own motion, consolidated the case with Docket No. 219761, the case involving the Regans.

## II. STANDARD OF REVIEW

Under MCR 2.116(C)(7), summary disposition may be granted when a claim is barred because of, among other things, immunity granted by law. *Hanley v Mazda Motor Corp*, 239 Mich App 596, 600; 609 NW2d 203 (2000). The applicability of governmental immunity is a question of law that is reviewed de novo on appeal. *Cain v Lansing Housing Comm*, 235 Mich App 566, 568; 599 NW2d 516 (1999).[4]

## III. DISCUSSION

### A. LEGAL PRINCIPLES COMMON TO BOTH CASES

The Legislature's grant of immunity from tort liability in MCL 691.1407(1)[5] to governmental agencies and their officers, agents, or employees is to be inter-

---

[3] In its order, the trial court simply stated that it was denying the motion "for the reasons stated on the record." A review of the record indicates that the trial court simply stated that, "[a]s to the defendant Washtenaw County Road Commission, the motion's denied." Nonetheless, because the trial court specifically found that Shehan was not grossly negligent, and did not comment regarding whether Shehan was negligent, it appears as if the trial court found that there was a genuine issue of material fact regarding negligence. See MCL 691.1405.

[4] It is unclear in the record whether the trial court's ruling was made pursuant to MCR 2.116(C)(7) or MCR 2.116(C)(10). Because the standards under each subrule are essentially the same, and because the issue on appeal is whether governmental immunity precludes plaintiff's claims against the road commission, we will review the matter de novo as though the trial court decided the motion pursuant to MCR 2.116(C)(7).

[5] This statute provides in pertinent part: ·

preted broadly and exceptions to this rule are to be narrowly drawn and strictly construed. *McIntosh v Dep't of Transportation*, 234 Mich App 379, 382; 594 NW2d 103 (1999); *Richardson v Warren Consolidated School Dist*, 197 Mich App 697, 699; 496 NW2d 380 (1992). See also *Zyskowski v Habelmann (On Remand)*, 169 Mich App 98, 103; 425 NW2d 711 (1988). To defeat a motion for summary disposition, the plaintiff must allege facts giving rise to an exception to governmental immunity. *Terry v Detroit*, 226 Mich App 418, 428; 573 NW2d 348 (1997); *Hunley v Phillips*, 164 Mich App 517, 524; 417 NW2d 485 (1987).

MCL 691.1405 provides an exception to the general rule of governmental immunity in cases involving the negligent operation of a government-owned vehicle by an officer, agent, or employee of a governmental agency:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner[.]

In *Bakun v Sanilac Co Rd Comm*, 419 Mich 202, 204; 351 NW2d 810 (1984), the plaintiff was driving a truck along highway M-25 when his truck struck a salt-spreading vehicle owned and operated by the defendant. The trial court granted the defendant's motion for summary disposition on the ground that the accident occurred while the defendant was main-

---

Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function.

taining a state trunk line highway; thus, the defendant
was relieved of liability under MCL 250.61. *Id.* On
appeal, our Supreme Court held, in pertinent part,
that MCL 691.1405 "effectively amended" MCL 250.61
to the extent they conflict, and "county road commis-
sions are liable for the negligent operation of their
motor vehicles." *Bakun, supra* at 208. The Court
noted that "[t]he fact that such causes of action arise
in connection with the construction, improvement, or
maintenance of trunk line highways is of no signifi-
cance." *Id.*

A few months later, this Court decided *Peterson v
Muskegon Co Bd of Co Rd Comm'rs*, 137 Mich
App 210; 358 NW2d 28 (1984), in which the plaintiff
was injured when his vehicle hit a patch of ice and
snow on US-31. The plaintiff filed suit, alleging that
the snow and ice had been negligently plowed off an
overpass and onto the highway below by one of the
defendant's employees. *Id.* at 211-212. The trial court
granted the defendant's motion for summary disposi-
tion based on governmental immunity, concluding
that the injuries sustained by the plaintiff did not
result from the negligent operation of a motor vehi-
cle. *Id.* The trial court found that, because the snow-
plow that moved the ice and snow was not at the
scene and had not thrown the ice and snow onto the
highway immediately before the accident, factually
the allegation did not describe the operation of a
motor vehicle. *Id.* at 213. On appeal, this Court
affirmed the grant of summary disposition in favor of
the defendant on different grounds:

> The proper question . . . is whether, under all the facts
> alleged by a plaintiff, the injuries suffered by the plaintiff
> may, in fact, be said to have resulted from the negligent

operation of a motor vehicle. Under the facts alleged in this
case, we find that the trial court correctly concluded that
plaintiff had not sufficiently alleged such an injury. The gra-
vamen of plaintiff's complaint is not that a snowplow was
negligently operated, but rather that snowplowing was neg-
ligently performed. The complaint does not sufficiently
allege that the accident and subsequent injury to plaintiff
were caused by the negligent operation of the snowplow.
[*Id.* at 213-214 (citations omitted).]

In *Michigan N R Co v Auto-Owners Ins Co*, 176
Mich App 706; 440 NW2d 108 (1989), a no-fault case,
this Court applied the test enunciated in *Peterson* to
find that summary disposition should have been
granted in favor of the defendant. In *Michigan N R
Co*, the plaintiff was injured when a train owned by
the plaintiff derailed after passing through a crossing
into a pile of dirt left on the tracks. An employee of
the defendant had plowed the road adjacent to the
railroad track, allegedly leaving dirt and gravel on the
tracks. *Id.* at 708. The plaintiff and its insurer sued
the defendant and its no-fault insurance carrier under
the no-fault act. *Id.* This Court acknowledged that a
finding that an accident arose out of the ownership,
operation, maintenance, or use of a motor vehicle as
a motor vehicle required a showing that there was
some causal connection between the injury and the
use of a motor vehicle that is more than incidental,
fortuitous, or "but for." *Id.* at 711. We then held:

[I]t was not the operation of defendant's vehicle that
caused the accident, but the residual effect of the act of
plowing or grading the road. This distinction is crucial to
the resolution of this issue. The operation of the blade
truck was not the cause of plaintiff's property damage.
Rather, it was the end result of the act of plowing the road
that caused the train to derail. Therefore, plaintiff's dam-

ages do not arise out of the ownership, operation, mainte-
nance or use of a motor vehicle . . . . [*Id.* at 712-713.]

In *Nolan v Bronson*, 185 Mich App 163; 460 NW2d
284 (1990), this Court found that the negligent dis-
charging of passengers from a school bus is part of
operating the bus and falls within the motor vehicle
exception to governmental immunity. Similarly, in
*Orlowski v Jackson State Prison*, 36 Mich App 113;
193 NW2d 206 (1971), we held that the negligent fast-
ening of a latch securing the tailgate of a truck is part
of the operation of the motor vehicle, even if it is
standing still, as long as it is being used or employed
in some specific function or to produce some desired
work or effect.

In *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307
(2000), our Supreme Court held that the city of
Detroit was not liable for injuries to passengers of a
vehicle being pursued by police, when the pursuing
police vehicle did not hit the passenger's vehicle or
otherwise physically force it off the road or into
another vehicle or object. The Court stated that
because the motor vehicle exception must be nar-
rowly construed, the allegations did not satisfy the
statutory requirement that the injuries "resulted from"
the operation of the police vehicle. *Id.* at 457.

From these cases, I would conclude that in deter-
mining whether the exception to governmental immu-
nity for negligent operation of a motor vehicle
applies, the Court must first look beyond the mere
allegations to the gravamen of the complaint. Where
the conduct being challenged is more properly con-
strued as involving the performance of a governmen-
tal function rather than the operation of a motor vehi-
cle, the exception to governmental immunity does not

apply. Second, the facts pleaded in the plaintiff's complaint must show that the alleged injuries "resulted from" the negligent operation of a government vehicle. The fact that there is an alleged casual link between the operation of the vehicle and the plaintiff's injuries is insufficient. *Id.* at 457, n 14.

### B. APPLICATION OF LAW TO THE FACTS IN REGAN AND ZELANKO

Applying the foregoing principles to the facts in Regan, I would conclude that the trial court erred in denying defendant's motion for summary disposition. The gravamen of the Regans' complaint is found in paragraphs six and sixteen: the road commission broom tractor was sweeping dirt off the roadway on a blustery, windy day, and the performance of this governmental function on such a day was negligent.

It is undisputed that in order for the broom tractor to perform its function, sweeping dirt off the roadway, it necessarily was required to be at least partially in the roadway. At their core, then, plaintiffs' allegations challenge not the operation of the broom tractor, but the fact that the broom tractor was operated under weather conditions that resulted in zero visibility at the time Regan drove through the work area. The decision to perform the dirt-sweeping function under such weather conditions is a matter of discretion protected by governmental immunity, see *Peterson, supra,* and summary disposition should have been granted. In addition, the allegations in the Regans' complaint clearly state no more than a casual link between the operation of the broom tractor and Dona Regan's injuries. Construing the motor vehicle exception narrowly, the Regans' allegations do not

satisfy the "resulting from" language of the statute. *Robinson, supra.*

I would also conclude that the trial court erred in denying defendant's motion for summary disposition in the Zelanko matter. The gravamen of Zelanko's complaint is that the road commission employee negligently performed the governmental function of mowing the grass along the side of the highway because he failed to remove debris from the grass before mowing. At its core, the complaint challenges not the operation of the tractor mower as a motor vehicle but instead the manner in which the governmental function of highway maintenance was performed. Moreover, paragraphs 7 and 11 of Zelanko's complaint do not assert that Zelanko's injuries resulted from the operation of the defendant's tractor. Instead, Zelanko merely asserts a casual link between the airborne tire tread that struck his vehicle and the operation of the tractor that caused the tread to become airborne. The fact that Zelanko's injuries were proximately caused by the operation of the tractor is insufficient under *Robinson* to meet the narrow statutory exception. As such, Zelanko's claim against the road commission was barred by governmental immunity and the motion for summary disposition under MCR 2.116(C)(7) should have been granted.[6]

I agree with the majority that the words "resulting from" do not carry some magical quality such that these precise words must be pleaded in order to

---

[6] Zelanko also contends that a genuine issue of material fact exists regarding whether the tractor mower was equipped with the proper number of chain guards, which falls within operation of a motor vehicle. However, Zelanko did not include this allegation, or any other allegation that the tractor mower itself was defective, in his complaint. Accordingly, we decline to consider this claim.

establish an exception to governmental immunity.
Rather, as I assert previously, the gravamen of the
complaint and the facts pleaded must show more
than a casual link. I would find that the pleadings
here fall short of this requirement.

### IV. CONCLUSION

The trial courts erred in both cases by denying
defendant's motions for summary disposition under
MCR 2.116(C)(7) because both the Regans and
Zelanko failed to allege sufficient facts to establish
that their respective accidents resulted from the negli-
gent operation of a motor vehicle. Accordingly, the
motor vehicle exception to governmental immunity,
MCL 691.1405, does not apply and defendant is
immune from liability.