*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEKEYIA WILLIAMS,

Plaintiff-Appellant,

v

CHRISTINE ANTOINETTE KELLY and CITY OF
DETROIT,

Defendants-Appellees,

and

TITAN INSURANCE COMPANY, MICHIGAN
ASSIGNED CLAIMS PLAN, also known as
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, and JOHN DOE
INSURER,

Defendants.

UNPUBLISHED
January 15, 2026
10:24 AM

No. 371788
Wayne Circuit Court
LC No. 20-001601-NI

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

In this negligence action, plaintiff, Nekeyia Williams, appeals by delayed leave granted[1] the trial court's order granting summary disposition in favor of defendants,[2] the city of Detroit (the

---

[1] *Williams v Kelly*, unpublished order of the Court of Appeals, entered December 26, 2024 (Docket No. 371788).

[2] Our reference to "defendants" refers to Kelly and the City only because the remaining defendants are not parties to this appeal.

City) and Christine Antoinette Kelly, under MCR 2.116(C)(7) (immunity granted by law) and (C)(8) (failure to state a claim on which relief can be granted). We reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

As stated in this Court's previous opinion in this case, Williams was injured when Kelly, who was driving the City's bus in the course of her employment, sideswiped a parked car in which Williams was a passenger. *Williams v Kelly*, unpublished per curiam opinion of the Court of Appeals, issued October 13, 2022 (Docket No. 357934), p 1, vacated in part 511 Mich 909 (2023). Williams filed this action against defendants, alleging that they were liable for her injuries. Defendants moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), arguing that governmental immunity precluded their liability. The trial court granted the motion, reasoning that Williams could not establish that Kelly was grossly negligent, and, as such, Williams could not establish the motor-vehicle exception to governmental immunity. *Id*. at 2.

Williams appealed the trial court's decision to this Court. Although we concluded that the trial court erred by applying the gross-negligence standard when considering the City's liability, we affirmed the court's decision granting summary disposition for the City on the basis that Williams failed to allege a claim against the City that fit within an exception to governmental immunity. We recognized that Williams's claims alleging owner's liability, respondeat superior, and negligent hiring and retention were not statutory exceptions to governmental immunity and that Williams failed to allege that the City was exempt from governmental immunity under the motor-vehicle exception, MCL 691.1405, or any other exception to governmental immunity. *Id*. at 3. Regarding Kelly, we noted that MCL 691.1407(2) grants immunity to governmental employees but that MCL 691.1407(2)(c) provides an exception to that immunity if the employee acts with gross negligence. Because the record contains no evidence suggesting that Kelly acted with gross negligence, we affirmed the trial court's decision granting summary disposition in Kelly's favor under MCR 2.116(C)(7). *Id*. at 4.

Williams appealed to our Supreme Court, which vacated the portion of our opinion pertaining to the City. The Court stated, in relevant part:

> Although the Court of Appeals correctly held that the Wayne Circuit Court erred by applying the gross negligence standard, we REMAND this case to the Wayne Circuit Court to determine whether the plaintiff should be permitted to amend her complaint to more clearly plead that defendant City of Detroit is exempt from governmental immunity under the motor-vehicle exception, MCL 691.1405, or any other exception. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court. [*Williams v Kelly*, 511 Mich 909 (2023) (emphasis added).]

On remand, the trial court allowed Williams to amend her complaint to plead that the City was exempt from governmental immunity under MCL 691.1405. Williams filed a second amended complaint alleging negligence (count I) and gross negligence (count II) against Kelly. Against the City, Williams alleged owner's liability (count III), negligent hiring and retention (count IV), and

respondeat superior (count V). Notably, Williams's second amended complaint alleged the same counts against defendants, with the addition of three references to MCL 691.1405.

Defendants again moved for summary disposition under MCR 2.116(C)(7) and (C)(8), arguing that counts I and II should be dismissed under the law-of-the-case doctrine because this Court affirmed the trial court's decision granting summary disposition for Kelly on the basis that she was not grossly negligent. Defendants further argued that the City was entitled to summary disposition under the law-of-the-case doctrine because Williams's second amended complaint restated the same theories of liability against the City—owner's liability, negligent hiring and retention, and respondeat superior—which were not statutory exceptions to governmental immunity as stated in our prior opinion.

In response to defendants' motion, Williams asserted that she pleaded in avoidance of governmental immunity under MCL 691.1405 by including references to MCL 691.1405 in her second amended complaint. The trial court granted defendants' motion, stating as follows:

> Indeed, Plaintiff's response ignores the law of the case doctrine when it outlines or when it re-files the same or similar claims . . . that were dismissed by this Court, the Court of Appeals and the Supreme Court. Inserting random references to the Motor Vehicle Exception Statute does not transform inapplicable claims into valid motor vehicle exception claims. You have to have more than that . . . . [T]he Court finds that the City of Detroit and Christine Kelly were entitled to summary disposition under (C)(7) and (C)(8) for Counts 1, 2, 3, 4 and 5 of Plaintiff's Second Amended Complaint based upon the law of the case doctrine and Plaintiff's failure to plead an exception to governmental immunity.

This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews de novo motions for summary disposition brought pursuant to MCR 2.116(C)(7)." *Regan v Washtenaw Co Bd of Co Rd Comm'rs*, 249 Mich App 153, 157; 641 NW2d 285 (2002). "De novo review means that we review the legal issue independently and without deference to the trial court." *Wilcox v Wheatley*, 342 Mich App 551, 556; 995 NW2d 594 (2022). "Summary disposition is proper when a claim is barred because of immunity granted by law." *Regan*, 249 Mich App at 157. "To survive a motion for summary disposition based on governmental immunity, the plaintiff must allege facts giving rise to an exception to governmental immunity." *Id*. "This Court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id*.

In addition, "[a] motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019) (emphasis omitted). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160.

"A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

## B. MCL 691.1405

The trial court erred by granting defendants' motion for summary disposition under MCR 2.116(C)(7) and (C)(8) because Williams's second amended complaint, when read as a whole, was sufficient to plead in avoidance of governmental immunity under MCL 691.1405.

The Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*., grants governmental agencies broad immunity from tort liability when engaged in a governmental function. *Mack v Detroit*, 467 Mich 186, 196; 649 NW2d 47 (2002). Specifically, MCL 691.1407(1) provides, "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." To overcome governmental immunity and impose tort liability on a government agency, "[a] plaintiff must plead their case in avoidance of immunity." *Mount Clemens Recreational Bowl, Inc v Dir of Dep't of Health & Human Servs*, 344 Mich App 227, 245; 998 NW2d 917 (2022). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id*. (quotation marks and citation omitted).

MCL 691.1405 is an exception to the general rule that a government agency is immune from tort liability under MCL 691.1407(1). *Id*. MCL 691.1405 states:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . .

Because a government agency has broad immunity from tort liability under the GTLA, its exceptions must be narrowly construed. *Regan*, 249 Mich App at 158.

Williams argues that her second amended complaint, read as a whole, pleaded an exception to governmental immunity under MCL 691.1405. We agree. When reviewing a plaintiff's complaint, "we disregard the labels given to the claims and instead read the complaint as a whole, seeking the gravamen of the claims." *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 519; 918 NW2d 645 (2018). When read in its entirety, Williams's second amended complaint alleged facts sufficient to impose tort liability on the City under MCL 691.1405. Williams alleged that the City is a government agency, Kelly was an agent of the City, and Kelly was operating a motor vehicle (the City bus) when the collision occurred. Further, Williams pleaded facts that, if proven, would establish that Kelly was negligent, as required to impose tort liability on the City under MCL 691.1405. Thus, Williams's second amended complaint, when read as a whole, pleaded an exception to governmental immunity under MCL 691.1405.

A negligence claim requires the plaintiff to establish the following elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff

suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 508; 991 NW2d 230 (2022) (quotation marks and citation omitted). In count I (negligence as to Kelly), Williams alleged that Kelly owed and breached various legal duties to Williams. Specifically, ¶ 12 reads:

12. Defendant, CHRISTINE ANTOINETTE KELLY, owed Plaintiff certain duties which Defendant violated, and the violation of these obligations consisted of the following acts of negligence and breaches of duties owed to Plaintiff:

a. Violation of MCL 257.627 which provides that: a person operating a motor vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other conditions then existing; and, no person shall operate a motor vehicle on a highway at a greater speed than that which will permit a stop within the assured clear distance ahead;

b. Violation of the duty to exercise reasonable care and caution, and to observe other vehicles lawfully upon the roadway, particularly the vehicle of Plaintiff;

c. Violation of the duty to operate a motor vehicle so as to avoid collision with other vehicles, particularly the vehicle of Plaintiff;

d. Violation of the duty to operate a motor vehicle in such a manner as to maintain the same under control, taking into account the grade of highway and general conditions then existing, and to maintain said vehicle so that it could be safely halted;

e. Violation of the duty to keep a motor vehicle under control at all times;

f. Violation of MCL 257.705, which provides that a person driving a vehicle on a highway shall equip his or her vehicle with brakes adequate to control the movement of, and to stop and hold said vehicle[;]

g. Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, failing to heed such conditions;

h. Violation of other duties not heretofore mentioned.

Moreover, in ¶ 13 Williams alleged that Kelly did "negligently, carelessly and without due regard for the rights of Plaintiff, fail and neglect to control, maintain and operate the above listed motor vehicle, as required, and as specifically set forth in the preceding paragraph of this Complaint." Therefore, ¶¶ 12 and 13 of Williams's second amended complaint adequately pleaded the first two elements of a negligence claim against Kelly, which are required to impose tort liability on the City under MCL 691.1405. Further, Williams's second amended complaint alleges that her "serious and lasting injuries" were the result of Kelly's negligence, thereby satisfying the

-5-

remaining elements of a negligence claim, which require that Williams's damages be caused by Kelly's negligence.

Accordingly, reading Williams's allegations in her second amended complaint as a whole, Williams pleaded in avoidance of governmental immunity under MCL 691.1405. The trial court erred by granting defendants' motion for summary disposition because it failed to read Williams's second amended complaint in its entirety when determining if Williams adequately pleaded in avoidance of governmental immunity under MCL 691.1405.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace